**126**

UNITED STATES, Appellee,

v.

Private First Class Melvin T. ALLEN,
Jr., U.S. Marine Corps, Appellant.

No. 44,335.

NMCM 82 1285.

U.S. Court of Military Appeals.

Jan. 16, 1984.

For Appellant: *Lieutenant Commander
David S. Durbin,* JAGC, USNR (argued);

*Lieutenant Philip J. Shebest,* JAGC, USNR
(on brief).

For Appellee: *Commander Jay M. Siegel,*
JAGC, USNR (argued); *Commander W.J.
Hughes,* JAGC, USN (on brief).

*Opinion of the Court*

FLETCHER, Judge:

For a period of 81 days prior to his general court-martial *, appellant was legally confined. Appellant now argues on this granted appeal that this period should be credited against the 24 months' sentence to confinement awarded him. The basis of his claim is grounded in DOD Instruction 1325.4 (October 7, 1968) which states, *inter alia,* that procedures employed by the military services for computation of sentence are to be in conformity with those published by the Department of Justice. Appellant argues that since the Department of Justice, following the mandate of 18 U.S.C. § 3568, grants such credit, the military is bound to do likewise. In the absence of any clear signal of intent otherwise on the part of the Secretary of Defense, we will read his instructions as they appear on their face and agree with appellant.

In appellant's case, neither the jury nor the convening authority noted specifically that they gave appellant credit on the sentence to confinement at hard labor. Clearly, however, the military judge instructed the jury:

[Y]ou should consider the nature and duration of the accused's pretrial restraint. You will recall that the accused was confined at Pearl Harbor ... and has continued in continuous pretrial confinement until this day. Now, you must take into consideration this pretrial confinement; however, you need not give credit for this

---

* Appellant was tried by officer members for robbery and assault consummated by a battery, in violation of Articles 122 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 928, respectively. Pursuant to his pleas, he was found guilty as charged and was sentenced to be confined at hard labor for 24 months, to forfeit $501.30 pay per month for 6 months, to be reduced to pay grade E–1, and to be discharged from the service with a bad-conduct discharge. The convening authority approved the findings and sentence as adjudged. The United States Navy-Marine Corps Court of Military Review affirmed the approved findings and sentence.

pretrial confinement on a day for day basis or on any basis—excuse me; on the basis of any other formula or any mathematical computation, but you must consider it in arriving at an appropriate sentence.

These specific instructions meet the demands of the law expressed in our opinion in *United States v. Davidson,* 14 M.J. 81 (C.M.A.1982). We, however, expressly declined there to address the effect of the aforementioned instruction of the Secretary of Defense. Thus, this case presents the specific problem therein exempted.

Our analysis begins with the observation that 18 U.S.C. § 3568 specifically exempts trial by court-martial from its provisions:

The Attorney General shall give any . . . person [sentenced to imprisonment] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, *other than an offense triable by court-martial,* military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

(Emphasis added.)

This statute has been determined by the United States Navy Court of Military Review to exclude court-martial accused from a *right* to pretrial-confinement credit. *Hart v. Kurth,* 5 M.J. 932 (N.C.M.R.1978). The Government rests its case on this exclusion, arguing that no right thus exists for a right of sentence credit for pretrial confinement.

However, to the contrary, appellant cites DOD Instruction 1325.4 (October 7, 1968), which states in pertinent part at page 22:

6. *Computation of Sentences.* Procedures employed in the computation of sentences will be in conformity with those published by the Department of Justice, which govern the computation of sentences of federal prisoners and military prisoners under the jurisdiction of the Justice Department.

Appellant argues that while Congress decided not to make § 3568's provisions mandatory for the military, the Secretary of Defense has, in contrast, voluntarily adopted them on the basis of the foregoing instruction. To evaluate the validity of this claim, we must review certain legislative and instructional events that antedate the most recent version of this instruction.

In 1955, when this instruction was originally promulgated, there were two groups of military prisoners in the Attorney General's custody—those tried in District Courts and transferees from military prisons after conviction by court-martial. The former were governed by the Federal procedures for credit; the latter by those imposed by the military. At that time there was no difference in pretrial credit extended to either group, inasmuch as the Justice Department did not extend to District Court convicts credit for pretrial confinement.

In 1960 Congress passed an amendment (the *"Provided,* That . . ." clause below) to 18 U.S.C. § 3568. Thereafter, the section read:

The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: *Provided,* That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court *for want of bail* set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence.

(Emphasis partly supplied.) Act of September 2, 1960, Pub.L. No. 86–691, § 1(a), 74 Stat. 738.

This statute covered only those prosecuted in District Court who were unable to make bail. No claim has been made that DOD Instruction 1325.4 made this provision applicable to the military.

In 1966 the Bail Reform Act was passed. It provided in pertinent part:

*The Attorney General shall give any . . . person [sentenced to imprisonment] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.* As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

(Emphasis added.) Act of June 22, 1966, Pub.L. No. 89–465, § 4, 80 Stat. 217. Ability to make bail was no longer a consideration.

Then the Military Correctional Facilities Act of 1968, Pub.L. No. 90–377, 82 Stat. 287, 10 U.S.C. § 951–54, was passed on July 5, 1968. It speaks not of sentence computation, but of uniform military administration. As a result, the 1955 version of DOD Instruction 1325.4 was cancelled, rewritten, and reissued on October 7, 1968. However, the paragraph on sentence computation procedures remained the same as it was in the 1955 version.

The procedures employed by the Justice Department for other prisoners are contained in rules promulgated by the United States Parole Commission and the Bureau of Prisons. Parole Commission Rules and Regulations, Rule 2.10(a), provides:

Service of a sentence of imprisonment commences to run on the date on which the person is received at the penitentiary, reformatory, or jail for service of the sentence: *Provided, however, that any such person shall be allowed credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.*

(Emphasis added.) 28 C.F.R. § 2.10(a) (1980). U.S.B.P. Policy Statement 7600.59, para. 4.b.(1), adopts the same rule.

Before us, during oral argument in this case, appellate government counsel urged us, by way of subtle argument, that DOD Instruction 1325.4 is using the term sentence computation procedure in a special and limited way; that is, the Secretary of Defense intended merely to incorporate the employment of the same method used by the Justice Department to compute the sentence term *after the time credit is automatically there given for pretrial confinement.* While this argument has logical appeal, we are unable to find any supporting evidence that such was the intention of the Secretary in this exercise of his instructional powers.

Therefore, in the absence of clarification, we must be judicially prudent and read the instruction as written, as voluntarily incorporating the pretrial-sentence credit extended to other Justice Department convicts. After all, as both counsel conceded on appeal, all other aspects of the Justice-Department system are more specifically mentioned and explicitly incorporated via this instruction. It is improbable that this instruction, adopting a unified system, would be promulgated without one of the foundation blocks. In any event, read on its face, the contrary is indicated.

Reading the Secretary of Defense's instruction in this way is in perfect accord with a recommendation of the American Bar Association:

Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed.

ABA Standards, Sentencing Alternatives and Procedures, § 18–4.7(a) (1979).

This ruling will be applied retroactively to cases under review as to sentences to confinement still being served.

The decision of the United States Navy-Marine Corps Court of Military Review is

affirmed except to the extent that it holds that appellant is not entitled to sentence credit for pretrial confinement. Appellant will be credited with service of 81 days.

EVERETT, Chief Judge (concurring):

Although 18 U.S.C. § 3568 does not require that an accused sentenced by a court-martial to confinement receive credit for time spent in pretrial confinement, it does not prevent the Department of Defense from allowing such credit. On its face, DOD Instruction 1325.4 (October 7, 1968), when construed in conjunction with the rules promulgated by the United States Parole Commission and the Bureau of Prisons, appears to require that such credit be granted. According to the comments made by counsel during oral argument, any memoranda or correspondence which might have provided insight into the origins of this Instruction have been destroyed or, in any event, cannot be located. Thus, we have little choice but to give the language of DOD Instruction 1325.4 its most obvious meaning.

Several benefits result from this construction, though. For example, crediting a servicemember tried by court-martial with pretrial confinement places him in the same position as a military or civilian defendant who is tried in a Federal District Court. Thus, it provides greater uniformity of treatment. Secondly, this interpretation of DOD Instruction 1325.4 eliminates the problem which I discussed in *United States v. Davidson,* 14 M.J. 81, 87 (C.M.A.1982) (Everett, C.J., concurring in the result)—namely, that otherwise the aggregate of pretrial and posttrial confinement to which a servicemember is subjected may exceed the maximum confinement authorized as punishment by the Table of Maximum Punishments. *See* para. 127*c,* Manual for Courts-Martial, United States, 1969 (Revised edition).

Furthermore, to construe the DOD Instruction in this way provides a certainty that is now lacking in the treatment of pretrial confinement in this military justice system. According to the Manual for Courts-Martial, a sentencing authority—whether a military judge or court members —"may consider evidence" about "the nature and duration of any pretrial restraint." Para. 76*a* (2). Indeed, when a trial takes place before members, they should be instructed to that effect. *See United States v. Davidson, supra.* Likewise, in determining what sentence should be approved, a convening authority may consider pretrial confinement or other pretrial restraint. Para. 88*b,* Manual, *supra.*

But, of course, no one can foresee exactly what weight will be given to pretrial confinement by various sentencing authorities and convening authorities. Indeed, insofar as court members are concerned, it usually is impossible, even after the fact, to determine how an accused's pretrial confinement fits into their determination of an appropriate sentence. In its deliberations one court-martial may reduce a proposed sentence to confinement by the precise number of days of an accused's pretrial confinement; but another court-martial may reduce the proposed sentence by some lesser amount or may give no reduction in sentence because of pretrial confinement. Similarly, one convening authority may reduce an adjudged sentence by the amount of pretrial confinement; another may direct that the pretrial confinement be credited on the sentence; [1] and a third may use some other remedy or give no relief.

If, however, pretrial confinement must be credited day-for-day on a sentence to confinement, any uncertainty is removed from the outset. In determining to what level of court-martial he should refer charges against an accused, a convening authority will know that pretrial confinement must be credited on the sentence adjudged.

1. Because of the way in which good-conduct time is calculated, *see United States v. Larner,* 1 M.J. 371 (C.M.A.1976); *see also United States v. Hannan,* Dkt. No. 42,988, 17 M.J. 134 (C.M.A.1983), an accused's release date, if his adjudged sentence is reduced by the amount of pretrial confinement, may be different from the date on which he would be released if he is credited with pretrial confinement on service of the adjudged sentence.

Likewise, an accused, in determining what pleas to enter or what pretrial agreement to propose, will know that pretrial confinement will be credited in full against any sentence to confinement. Moreover, in instructing court members, a military judge can specifically advise them how pretrial confinement is treated for sentencing purposes.

We cannot ascertain if the practical advantages of crediting pretrial confinement on a sentence were in the minds of the draftsmen of DOD Instruction 1325.4. However, absent any contrary evidence as to their intent, I have no hesitancy about construing the Instruction in a manner that yields these favorable results. Of course, I find no inconsistency in these results with Presidential intent as expressed in the Manual for Courts-Martial. If, however, the President desires a different outcome, he has readily available remedies—such as a direction to the Secretary of Defense to change DOD Instruction 1325.4 or insertion of more specific language in the Manual.[2]

COOK, Judge (dissenting):

I have elsewhere expressed my conviction that the successive Presidents of the United States, in discharging their responsibilities under Articles 36 and 56, Uniform Code of Military Justice, 10 U.S.C. §§ 836 and 856, respectively, to prescribe procedures and punishment limitations in courts-martial, have consistently and unmistakenly ratified the long-standing practice[1] that pretrial confinement is not automatically credited against adjudged confinement. Rather, the sentencing authority is invested with broad discretion to determine how much, if any, credit should be given for such confinement. *United States v. Davidson*, 14 M.J. 81, 89–91 (C.M.A.1982) (Cook, J., concurring in part, dissenting in part). How else can paragraph 76a(2), Manual for Courts-Mar-

tial, United States, 1969 (Revised edition), be explained, wherein it is provided: "In the exercise of its discretion in adjudging a sentence, the court may consider evidence when properly introduced respecting . . . the nature and duration of any pretrial restraint, . . ."? What else could the President have intended, when, in paragraph 88 *b*, Manual, *supra*, he stated: "The convening authority should consider as a basis for approving only a part of a legal sentence all matters relating to clemency, such as long confinement pending trial"? Surely my Brothers do not contend that a policy of granting automatic credit for pretrial confinement is *consistent* with a policy of urging the sentencing authority and the convening authority to take into consideration, in adjudging a sentence, the nature and extent of that same pretrial confinement!

Yet this double benefit for the same period of pretrial confinement is the absurd result my Brothers have now achieved—unless we are to understand that the Secretary of Defense's instruction somehow repealed the relevant portions of the President's Manual for Courts-Martial. I would have thought it unnecessary to remind my Brothers that it is the President to whom Congress delegated the authority to prescribe the rules in this area. Articles 36 and 56, *supra*. Thus, to the extent that the President has established policy under that authority, any action to the contrary by a subordinate would be *ultra vires*.

Of course it is perfectly clear that the Secretary of Defense had no such nefarious purpose. For just as it is a commonly recognized principle of statutory construction that "[l]ong-continued contemporaneous and practical interpretation of a statute by the executive officers charged with its administration and enforcement . . . constitutes an invaluable aid in determining the

---

**2.** If the President chooses to specify a different rule in the Manual for Courts-Martial, I hope that he will also clarify whether he intended for pretrial confinement to be considered in computing maximum punishment imposable, since in my view the majority's interpretation of the

Table of Maximum Punishments in *United States v. Davidson*, 14 M.J. 81 (C.M.A.1982), was at odds with Presidential intent.

**1.** *United States v. Davidson*, 14 M.J. 81, 85–86 (C.M.A.1982).

meaning of a doubtful statute," [2] so too are contemporaneous interpretations of quasi-statutory provisions instructive as to their meaning and scope. Since all of the parties herein, including my Brothers, agree that the Secretary of Defense has never, in the history of the military justice system, enforced a policy of granting credit for pre-trial confinement, it should be quite evident that he never intended this belatedly ascribed result. (Incidentally, I take it as a given that the Secretary of Defense is not so impotent as to be unable to enforce his instructions to his own subordinates.)

Nevertheless, I concede that the language of the DOD Instruction is not without a certain degree of superficial ambiguity. Thus, the mandate to compute sentences in conformity with those published by the De-partment of Justice can be taken to refer exclusively to the award of good-time credits, work abatements, and the like (as it unquestionably did prior to the time when Federal prisoners received credit for pre-trial confinement).[3] Or it can be construed literally to include credit for pretrial confinement. But as I have indicated, a moment's reflection discloses that the latter interpretation produces an absurd result. Given a choice between two conflicting interpretations, one of which is logical, historically consistent, and compatible with higher authority, the other of which is illogical and contradicts higher authority, I would have opted for the former.

Accordingly, I would affirm the decision of the United States Navy-Marine Corps Court of Military Review in its entirety.

---

**2.** 2A Sutherland, *Statutes and Statutory Construction* § 49.03 (C. Sands 4th ed. 1973) (footnote omitted).

**3.** As noted by my Brothers, the paragraph in the instruction relating to sentence computa-tion, para. III.Q.6., DOD Instruction 1325.4, remained exactly the same in the 1968 version as it was in the 1955 version.