# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Clifford K. GUNDERSON
### Fireman Apprentice Machinery Technician, U.S. Coast Guard

## CGCMS 24195

### Docket No.  1135

### 30 November 2000

Special Court-Martial convened by Commanding Officer, USCGC KUKUI (WLB – 203).  Tried at Honolulu, Hawaii on March 7, 2000.

| | |
|---|---|
| Military Judge: | CAPT Carl A. Swedberg, USCG |
| Trial Counsel: | LT Mark Murakami, USCG |
| Detailed Defense Counsel: | LT Joachim P. Cox, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LCDR Chris P. Reilly, USCG |

## BEFORE
## PANEL TEN
## BAUM, CASSELS, & BRUCE,
Appellate Military Judges

BAUM, Chief Judge:


Appellant was tried by a special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of failure to report for duty at the prescribed time and one specification of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of assault on a Machinery Technician Third Class, who was known to be a superior petty officer in execution of his office, in violation of Article 91, UCMJ; and one specification of breaking restriction in violation of Article 134, UCMJ.  Appellant was sentenced to a bad-conduct discharge, confinement for 2 months, forfeiture of $375 per month for two months, and reduction to E-1.  The convening authority approved the sentence as adjudged and, pursuant to the terms of the pretrial agreement, suspended for six months from the date sentence was announced all confinement in excess of time served as of the trial date.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant submitted this case on its merits as to any and all errors.  Thereafter, we issued an order posing questions relating to the pretrial agreement's provision requiring suspension of confinement, the military judge's explanation of that provision, and the convening authority's action.  Both Appellant and the Government have submitted their responses and, while certain questions were not

answered, it is clear to us from the record that the military judge misspoke when he explained the effect of the pretrial agreement's provision calling for suspension of adjudged confinement in excess of that served as of the date of trial[1].

The judge said that the two months confinement imposed by him would be suspended, but that statement overlooks the crediting of pretrial confinement against adjudged confinement required by *U.S. v. Allen*, 17 M.J. 126 (CMA 1984). The trial counsel started to say something about giving credit for pretrial confinement, but was interrupted by the judge who said "[t]hat's on the convening authority action," and went on to say that the sentence of two months would be suspended for six months. R. 93. Thereafter, when the judge asked all parties if he had correctly stated the effect of the pretrial agreement on the sentence, they all agreed with his interpretation.

Clearly, the military judge erred in this regard, as did the trial counsel and defense counsel when they agreed with him. Likewise, the convening authority failed to say anything about the requirement for *Allen* credit in either the pretrial agreement or his action on the sentence. Furthermore, that sentence action did not spell out the precise period of confinement that was suspended. It simply repeated the language of the pretrial agreement, that the part of the sentence adjudging confinement in excess of time already served in pretrial confinement as of 7 March 2000 is suspended for six months from the date sentence was announced. That language is ambiguous in that it is not clear whether it was intended to include *Allen* credit.

In a case such as this, where the accused is entitled to *Allen* credit, at least two things should occur. First, at trial, the military judge should determine the amount of the *Allen* credit the convening authority will be required to give. Second, when the convening authority acts on the sentence, he should explicitly state in the action that the accused is to receive *Allen* credit and the amount of the credit to be applied in terms which do not require reference to matter outside the action. The convening authority's action may be redundant with the confinement order in this regard and, in many cases, the accused may have already benefited completely from the credit and been released from confinement by the time the convening authority acts. Nevertheless, explicitly including *Allen* credit in the convening authority's action facilitates subsequent court-martial review by entities such as this Court, which will not necessarily have access to confinement orders or other evidence that *Allen* credit was, in fact, correctly applied. *See* Maj. Michael G. Seidel, *Giving Service Members the Credit They Deserve: A Review of Sentencing Credit and Its Application*, ARMY LAW. 1 (August 1999).

In an effort to determine whether Appellant had been prejudiced by a suspension of confinement in excess of that allowed under the terms of *U.S. v. Allen*, *supra*, our Order for Supplemental Pleadings asked Appellant and the Government to advise the Court how much of the adjudged two months confinement was suspended by the convening authority and whether that suspended confinement had been vacated or remitted. Those questions were not answered by Appellant. Instead, rather than determine the confinement actually suspended, he suggested that this Court eliminate any risk of prejudice by approving only 29 days confinement, the amount actually served by Appellant. Neither that nor any other corrective action need be taken, however, in light of information provided by the Government that the suspended confinement has been remitted by operation of law due to the expiration of the six month period of suspension.

---

[1] The exact wording of the pretrial agreement's provision is as follows: "Any confinement, restraint, or lesser form of restraint adjudged, in excess of the confinement, restraint, or lesser form of restraint FAMK Gunderson has served, as of 7 March 2000, will be suspended for a period of six (6) months from the date the sentence is announced, at which time, unless sooner vacated, it will be remitted without further action."

With this assurance that a suspended sentence of two months confinement is not hanging over Appellant's head, or worse, that Appellant was forced to serve two months confinement by a vacation of that suspension, we may now safely conclude that Appellant has not been prejudiced by an error in the amount of confinement suspended by the convening authority, or by the judge's erroneous statement in this regard. Moreover, despite an invitation for Appellant to apprise the Court of any prejudice to him, a response to that question was not forthcoming. If prejudice were apparent, we would take corrective action either by reducing the amount of suspended confinement or by disapproving a portion of the confinement, as recommended by Appellant.

Although Appellant has not been prejudiced in this case, the potential for prejudice exists in similar future cases, if the record does not clearly reflect the crediting of pretrial confinement pursuant to *U. S. v. Allen*, *supra*. Accordingly, counsel and staff judge advocates are cautioned to carefully word pretrial agreements to take into account case requirements such as *U.S. v. Allen*, *supra*. If an agreement does not accomplish this goal, or if its exact terms are unclear, then judges and counsel must be alert to correct such shortcomings at trial. If a counsel sees what needs to be done and is foreclosed in that regard by the judge, as it appears happened in this case with the trial counsel, then counsel should recognize that persistence in alerting the military judge to potential error is warranted. It goes without saying that a defense counsel needs to be ever vigilant to protect his client's best interests and not agree to an interpretation of a pretrial agreement provision by the judge that is in error and adverse to his client. Counsel, staff judge advocates, and judges would be well advised to review the various types of confinement credits required by law and the procedures for ensuring that the credit is properly applied so that the potential problems revealed by this record may be avoided. An excellent source is the previously cited treatment of this subject in *THE ARMY LAWYER* (August 1999) by Maj. Michael G. Seidel.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Judges CASSELS and BRUCE concur.



For the Court,

//s//
James P. Magner
Clerk of the Court