# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

v.

### Bart B. BEALE
### Seaman Recruit, U.S. Coast Guard

### CGCMS 24196

### Docket No.  1136

### 11 December 2000

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown, Virginia.  Tried at Norfolk, Virginia on May 2, 2000.

| | |
|---|---|
| Military Judge: | CDR Bryan Schroder, USCG |
| Trial Counsel: | LT Darrin W. Gibbons, USCG |
| Assistant Trial Counsel: | LCDR Patrick J. McGuire, USCG |
| Detailed Defense Counsel: | LT John Kavanagh, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LTJG Mark A. Cunningham, USCGR |


### BEFORE
### PANEL TEN
### BAUM, CASSELS, & BRUCE,
Appellate Military Judges

Bruce, Judge

Appellant was tried by a special court-martial, consisting of the military judge alone.  Pursuant to his pleas of guilty, entered pursuant to a pretrial agreement, Appellant was convicted of one specification of disobeying a petty officer, two specifications of failure to obey a lawful order, one specification of making false official statements, one specification of wrongful use of marijuana, one specification of wrongful distribution of marijuana, and one specification of wrongful introduction of marijuana with intent to distribute, in violation of Articles 91, 92, 107, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 891, 892, 907, and 912a.  The military judge sentenced appellant to confinement for five months, forfeiture of $670.32 pay per month for five months, and a bad-conduct discharge.  The convening authority approved only so much of the adjudged sentence as provided for confinement for 150 days, forfeiture of $670.00 pay per month for five months and a bad-conduct discharge.  Except for the bad-conduct discharge which pends further review, the convening authority ordered the sentence executed.  The approved sentence is within the sentence limitations contained in the pretrial agreement.

Appellant has assigned three errors.[1]  We find merit in the first assignment of error and will take appropriate corrective action.  Even considering that corrective action, which makes the time periods in specifications 2 and 3 of Charge IV coincide, the Appellant has failed to show that the military judge committed plain error by failing to find that those specifications were multiplicious.  For that reason we reject the second assignment of error.  Finally, assuming, without deciding, that the trial counsel was improperly detailed, we find that such error did not materially affect a substantial right of the Appellant.  Article 59, UCMJ, 10 U.S.C. § 859.  Appellant concedes that an error in appointment of the trial counsel is non-jurisdictional and must be tested for prejudice.  Appellant has not asserted that he was prejudiced by the allegedly erroneous appointment and we have found no such prejudice.  Therefore, we reject Appellant's third assignment of error.  We will briefly discuss the first two assigned errors.

The Appellant pleaded guilty at trial to specification 3 of Charge IV.  That specification charged Appellant with introduction of marijuana with intent to distribute on divers occasions between on or about 23 November 1999 and 16 February 2000.  The providence inquiry and the stipulation of fact, Prosecution Exhibit 1, however, only addressed acts occurring from 19 January 2000 to 17 February 2000[2].  While conducting the providence inquiry and reviewing the stipulation of fact on the record, the military judge recognized the discrepancy between the specification and the factual predicate for the Appellant's guilty plea.  The military judge, trial counsel, and defense counsel all agreed that, in fact, specification 3 of Charge IV related to events that occurred between 19 January 2000 and 17 February 2000.  At the end of this discussion, the military judge explained how he intended to deal with the discrepancy in the dates:

---

[1] I. APPELLANT'S GUILTY PLEA TO SPECIFICATION 3 UNDER CHARGE IV WAS IMPROVIDENT; FINDINGS SHOULD HAVE BEEN ENTERED BY EXCEPTIONS AND SUBTITUTIONS

II. THE MILITARY JUDGE COMMITTED PLAIN ERROR WHEN HE FAILED TO FIND SPECIFICATION 2 UNDER CHARGE IV, DISTRIBUTION OF MARIJUANA, MULTIPLICIOUS WITH SPECIFICATION 3 UNDER CHARGE IV, INTRODUCTION OF MARIJUANA WITH INTENT TO DISTRIBUTE

III. TRIAL COUNSEL WAS NOT DETAILED IN ACCORDANCE WITH UCMJ ARTICLE 27(A)

Appellant's Assignment of Errors and Brief, of 12 October 2000, p. 2,5,8.

[2] Although the stipulation of fact, Prosecution Exhibit 1, refers to introduction of marijuana between 19 January 2000 and 17 February 2000, specification 3 of Charge IV does not address misconduct occurring beyond 16 February 2000.  Even if the accused wanted to plead guilty to introduction of marijuana on 17 February 2000, he could not plead guilty to an offense that was never addressed in the specification.  The record shows that on 17 February 2000 a search of the ceiling outside Appellant's room and a search of his person revealed marijuana that Appellant had previously introduced.  The military judge could reasonably have inferred that this marijuana was evidence of introduction of marijuana on 16 February 2000 or earlier, which is consistent with Appellant's pleas and the end of the course of conduct addressed by the specification.  Better practice would be to allege that the course of conduct had continued until "on or about" 16 February 2000, in which case it would make no difference whether the marijuana found on 17 February 2000 was introduced that same day, or was merely evidence of introduction on a previous date.

> MJ:     Okay.  So my intent, trial counsel and defense counsel, with your agreement is that we will talk about the period from 19 January to 17 February 2000 that's covered in the statement.  And I will, for purposes of when we move into sentencing —
>
> DC:     Yes, sir.
>
> MJ:     — I will just consider the period to be in essence a one-month period instead of a two- or three-month period.  Is that acceptable to defense?
>
> DC:     Yes, sir.
>
> MJ:     Is that acceptable to trial counsel?
>
> TC:     Yes, sir.

R. at 66.  Despite this discussion, when the military judge made his findings, he did not account for the fact that there was no evidence of introduction of marijuana during the period from 23 November 1999 to 18 January 2000.  The military judge found Appellant guilty of specification 3 of Charge IV without any change to the specification.

The factfinder at a court-martial has a duty to ensure that the findings announced at trial are consistent with the facts actually found, and that those findings are supported by the Appellant's responses to the guilty plea inquiry.  Accordingly, the military judge should have used the means at his disposal to conform specification 3 of Charge IV to Appellant's admissions during the providence inquiry by finding Appellant guilty of introduction of marijuana only from on or about 19 January 2000 to 16 February 2000.  The use of "on or about" language in a specification can account for some minor discrepancies between the time stated in the specification and the actual finding regarding the date of the offense, but it should not be stretched to cover a discrepancy amounting to six or seven weeks.

Under Article 66, UCMJ, 10 U.S.C. § 866, this court "may affirm only such findings of guilty . . . as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  The Government, while not conceding that Appellant has been prejudiced by the failure to modify the specification, urges this court to make appropriate modifications by exceptions and substitutions.  We agree that, pursuant to Article 66, UCMJ, we should affirm only so much of the finding of guilty of specification 3 of Charge IV as relates to acts from on or about 19 January 2000 to 16 February 2000.

With the foregoing modification to include only the timeframe between on or about 19 January 2000 and 16 February 2000, the Appellant asserts that specification 3 of Charge IV is multiplicious with specification 2 of Charge IV.  Both specifications are based on divers acts occurring between on or about 19 January 2000 and 16 February 2000.  Specification 2 of Charge IV charges Appellant with distribution of marijuana, and specification 3 of Charge IV charges Appellant with introduction of marijuana with intent

to distribute.  Appellant asserts that, as such, the two specifications are "facially duplicative" or factually the same.

We do not agree with Appellant that failure to dismiss one of these specifications as multiplicious with the other was plain error—nor do we find that it was error at all.  Appellant raises this issue for the first time on appeal.  At trial, there was no motion to dismiss based on multiplicity, and there was no motion for a bill of particulars to establish that specification 3 of Charge IV was actually limited to acts occurring in the same timeframe as the acts alleged in specification 2 of Charge IV.

Moreover, the facts established by the stipulation of fact, Prosecution Exhibit 1, and the providence inquiry make it clear that the Appellant introduced, with intent to distribute, several parcels of marijuana that he never distributed.  Consequently, Appellant has failed to make the most elementary showing required for a claim of multiplicity—*i.e.*, that he was charged more than once for the same act or transaction.[3]  At least in those instances where Appellant introduced marijuana with intent to distribute, but never distributed the marijuana, it is clear that some other marijuana was the subject of the distribution offense.  To that extent, at least, the introduction of marijuana and distribution of marijuana offenses must have involved separate parcels of marijuana and separate acts.

Both Appellant and the Government rely on the recent Court of Appeals for the Armed Forces case, *United States v. Heryford*, 52 M.J. 265 (2000).  In that case the accused pleaded guilty to three specifications charging him with possession of lysergic acid diethylamide (LSD) with intent to distribute, distribution of LSD, and introduction of LSD onto a military installation.  *Id*.  At trial the accused did not move for a finding of multiplicity.  However, on appeal, the accused asserted that possession of LSD was a lesser included offense of both the introduction and distribution of LSD.  *Id*.  In *Heryford*, the Court noted:

> Ordinarily, an unconditional guilty plea waives a multiplicity issue.  *United States v. Lloyd*, 46 MJ 19, 23 (1997).  Furthermore, double jeopardy claims, including those founded in multiplicity, are waived by failure to make a timely motion to dismiss, unless they rise to the level of plain error.  *United States v. Britton*, 47 MJ 195, 198 (1997).

> Appellant has the burden of persuading us that there was plain error.  *United States v. Powell*, 49 MJ 460, 464-65 (1998).  An appellant may show plain error and overcome waiver by showing that the specifications are "'facially duplicative,' that is, factually the same."  *Britton*, *supra* at 198, quoting *Lloyd*,

---

[3] "The first question in any multiplicity analysis should be:  are there separate acts?  If charged offenses are based on separate acts, there is no need to go into a lengthy multiplicity analysis.  Separate acts that constitute violations of different criminal statutes may be charged and punished separately, even when the charged offenses arise from the same set of circumstances.  No further multiplicity analysis is necessary."  M. L. Breslin and L. Coacher, *Multiplicity and Unreasonable Multiplication of Charges: A Guide to the Perplexed*, 45 A.F.L.Rev. 99, at 111 (endnotes omitted).

*supra* at 23. Whether specifications are facially duplicative is determined by reviewing the language of the specifications and "facts apparent on the face of the record." *Lloyd*, *supra* at 24; *see also United States v. Harwood*, 46 MJ 26, 28-29 (1997).

*Id*. at 267. Ultimately, the *Heryford* Court held that the multiplicity issue was waived, because the accused failed to persuade the Court that there was plain error. *Id*. The Court concluded from the record that the accused possessed the LSD for two days before he introduced it and distributed it. *Id*. Accordingly, the Court held that the specifications permitted "a finding of possession independent from wrongful introduction and distribution." *Id*.

In this case, the stipulation of fact, Prosecution Exhibit 1, reveals the following facts regarding specification 3 of Charge IV, the charge of wrongful introduction of marijuana with intent to distribute:

a. Appellant introduced marijuana onto Training Center Yorktown Virginia, on no less than ten occasions between 19 January 2000 and 17 February 2000;

b. That on 16 February 2000, a bag containing 5 grams of marijuana belonging to Appellant was found in Appellant's room;

c. That on 17 February 2000, a bag containing 20.7 grams of marijuana belonging to Appellant was found in the ceiling outside Appellant's room; and,

d. That on 17 February 2000, a bag containing 14.3 grams of marijuana belonging to Appellant was found on his person at Training Center Yorktown Virginia.

P.E. 1, at 7, 8.

The providence inquiry concerning the charge of wrongful introduction of marijuana with intent to distribute, is consistent with the stipulation of fact. The Appellant specifically mentioned the parcels of marijuana found in his room, in the ceiling outside his room, and on his person, in connection with the part of the providence inquiry dealing with the introduction of marijuana onto Training Center Yorktown Virginia with intent to distribute. However, these are parcels of marijuana that Coast Guard authorities found before Appellant distributed them and, therefore, these parcels could not have been included among the charged distributions.

Specifications 2 and 3 of Charge IV allege offenses based on divers acts that occurred during the same period of time in January and February 2000. Theoretically, the divers acts alleged in the two specifications could have been more or less identical. However, on this record, it is clear that some of the divers acts were not the same. The Appellant apparently did introduce the marijuana he was convicted of distributing in specification 2 of Charge IV. Additionally, however, the Appellant introduced marijuana with intent to distribute that he never actually distributed, and that marijuana was included in his conviction of specification 3 of Charge IV. Like the *Heryford* Court, we find that the

two specifications in question here permit a finding that there was introduction of marijuana with intent to distribute that was independent of the distribution of marijuana for which the Appellant was convicted. Accordingly, we find that the Appellant has failed to show plain error, and that any alleged multiplicity was waived.[4]

Recently, in *United States v. Gunderson*, __ M.J. __ (C.G. Ct. Crim. App. 30 November 2000), we discussed the proper way to account for confinement credit required to be applied, pursuant to *United States v. Allen*, 17 M.J. 126 (CMA 1984). As in *Gunderson*, we have a case here in which the Appellant spent time in pretrial confinement and clearly was entitled to confinement credit, but the record we review is entirely devoid of any evidence that the credit was properly applied. In particular, the convening authority's action does not address confinement credit in any way. On the other hand, Appellant has not complained to this court that he did not receive the confinement credit he was due, and the record reveals that trial counsel, defense counsel, and the military judge were aware that Appellant should receive confinement credit and were in agreement that the credit amounted to 74 days. In *Gunderson*, we did not assume error from the mere absence of evidence that confinement credit had been applied, and we will not assume error here. However, we do reiterate our advice that, in a case such as this, the military judge should, at trial, determine and announce the amount of confinement credit to be applied, and the convening authority should explicitly direct in his action on the sentence that the confinement credit, as determined by the military judge, be applied. *Gunderson*, *Id.*

The findings and sentence approved by the convening authority are correct in law and fact, except as to the date of the offense described in specification 3 of Charge IV. Accordingly, the findings as to Charge I, Charge II, and Charge III, and the specifications thereunder, and specifications 1 and 2 of Charge IV and Charge IV, and the sentence, as approved below, are affirmed. Only so much of the findings of guilty of specification 3 of Charge IV is affirmed as finds Appellant guilty of the acts between 19 January 2000 and 16 February 2000.

Chief Judge BAUM and Judge Cassels concur.



For the Court

James P. Magner
Clerk of the Court

---

[4] Because we reject Appellant's multiplicity argument based on the fact that the charges were supported by independent and separate acts, as a matter of fact, we need not reach the legal question of whether introduction of an illegal drug with intent to distribute may be multiplicious with the distribution of that same illegal drug as a matter of law. *Cf. United States v. Monday*, 52 M.J. 625 (Army Ct.Crim.App. 1999), and *United States v. Schiftic*, 36 M.J. 1193 (N.M. Ct.Crim.App. 1993), with *United States v. Wheatcraft*, 23 M.J. 687 (A.F.C.M.R. 1986).