# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

### v.

### Christopher B. MINYEN
### Seaman Recruit (E-1), U.S. Coast Guard

### CGCMS 24233

### Docket No. 1172

### 23 December 2002

Special Court-Martial convened by Commander, Coast Guard Pacific Area. Tried at San Diego, California, on 18 March 2002.

| | |
|---|---|
| Military Judge: | CDR Bradley R. Mozee, USCG |
| Trial Counsel: | LT Jonathan A. Alexander, USCG |
| Assistant Trial Counsel: | LT Brad D. Newberry, USCG |
| Defense Counsel: | LT Allan Karlson, JAGC, USN |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra Miracle, USCG |

### BEFORE
### PANEL ONE
### BAUM, KANTOR, & CAHILL
Appellate Military Judges

CAHILL, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to a pretrial agreement, Appellant entered pleas of guilty to two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ) and one specification of missing movement by neglect in violation of Article 87, UCMJ. The charges were based on two separate absences, one of approximately four and a half months and one of over eight months, over a fifteen-month period. The military judge accepted Appellant's pleas, and pursuant to the pretrial agreement, the government did not attempt to prove two specifications of desertion in violation of Article 85, UCMJ and withdrew a second specification of missing movement in violation of Article 87. The military judge sentenced Appellant to 80 days confinement and a bad conduct discharge. The military judge, with concurrence of both the trial counsel and trial defense counsel, determined that Appellant was entitled to credit for 33 days of pretrial confinement under *United States v. Allen*, 17 M.J. 126 (CMA 1984), and 30 days confinement credit under *United States v. Pierce*, 27 M.J. 367 (1989) for prior non-judicial punishment that

Appellant served for the four and a half month unauthorized absence for which he was court-martialed. The convening authority approved the sentence as adjudged.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors, but Appellant also asserts that the convening authority's action was "irregular" in that it failed to specifically mention the confinement credits granted by the military judge. However, Appellant concedes that he received the appropriate credit and was released from confinement in a timely manner.

First, we note the manner in which the military judge determined and applied credit for the prior non-judicial punishment. Defense counsel offered documentary evidence of Appellant's prior non-judicial punishment during its sentencing case. According to the record, Appellant was awarded 30 days restriction, 30 days of extra duty, and reduction to E-1 as non-judicial punishment. *Pierce* provides that an accused must receive "day-for-day, dollar-for-dollar, stripe-for-stripe" credit for prior non-judicial punishment imposed for offenses later tried by court-martial. *Id*. at 369. In *United States v. Gammons,* the Court of Appeals for the Armed Forces offered "guidance" that, in a judge-alone trial, a military judge should state, on the record, specific credit awarded if an accused introduces evidence of a prior non-judicial punishment during sentencing. *United States v. Gammons,* 51 M.J. 169, 184 (1999). Although the military judge did not state how he calculated the specific credit awarded for Appellant's prior non-judicial punishment, he informed Appellant on the record that 63 days credit (30 days *Pierce* credit plus 33 days *Allen* credit for pretrial confinement) would be subtracted from the adjudged 80-day sentence. Rule 1003(b)(5), Rules for Courts-Martial (RCM), Manual for Courts-Martial, (2000 Ed.) (MCM), provides that a court-martial may adjudge 2 months of restriction for each month of authorized confinement, up to a maximum of two months restriction – a two-to-one equivalent. By analogy, Appellant was entitled to at least 15 days credit against his sentence for the prior 30-day restriction under *Pierce*. We consider the additional 15-day credit satisfied *Pierce's* requirements for credit for the extra duties which Appellant performed. We find that this approach satisfied *Gammons*. As Appellant was reduced to the lowest enlisted paygrade as a result of the non-judicial punishment and further reduction was not possible at trial, it was not necessary for the military judge to apply specific credit against the adjudged sentence for the reduction in rate.

Second, we review whether the convening authority's action was "irregular" because it failed to expressly state the sentence credits as determined by the military judge. In *United States v. Rimmer*, the Army Court of Military Review recognized that RCM 1107(f)(4) provides that a convening authority's action must specifically state any credit awarded for illegal pretrial confinement under RCM 305(k), but is silent as to other types of administrative and judicial credits (e.g., *Allen* credit, *Pierce* credit, or credit for illegal pretrial punishment in violation of Article 13, UCMJ). *United States v. Rimmer*, 39 M.J. 1083, 1084 (ACMR 1994). The Army Court suggested that the Army adopt an administrative rule requiring a convening authority to state such credits in the convening authority's action. Similarly, in *United States v. Gunderson*, this court indicated that the military judge *should* determine *Allen* credit at trial and the convening authority *should* explicitly state any *Allen* credit in the convening authority's action so

that the applicable credit may be determined without reference to matters outside that action (emphasis added).[1] *United States v. Gunderson*, 54 M.J. 593, 594 (C.G.Ct.Crim.App. 2000).

We reiterate our recommendation from *Gunderson* that a convening authority *should* expressly state applicable credits when taking action on a court-martial sentence, and expand that recommendation to include additional administrative or judicial credits that may apply. As we noted in *Gunderson*, this approach facilitates post-trial review, even when an accused may have been released from confinement long before the convening authority takes action. *Id.* However, failure to state applicable credits in the convening authority's action is not error. In this case, the convening authority satisfied his responsibility to ensure Appellant served not more than the appropriate sentence of confinement even though the action did not specify the applicable credits. That is a far better outcome than allowing an accused to remain in confinement beyond the appropriate release date and specifying unapplied credit in a later action.

We also note that Appellant's clemency materials under RCM 1105 were submitted by a different "detailed defense counsel" than Appellant's trial defense counsel, but the record contains no release of the original defense counsel and detail of substitute counsel.[2] Appellant has not raised this as an issue on appeal or alleged that he was prejudiced in any way. Therefore, we find no error. However, we strongly encourage assigned counsel and detailing authorities to ensure that the record properly reflects any changes.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

BAUM, Chief Judge and KANTOR, Judge concur.



For the Court,

Roy Shannon, Jr.
Clerk of the Court

---

[1] The record of trial does not contain the trial counsel's report of results of trial under RCM 1101, which is often used along with a confinement order to advise a confinement facility of administrative or judicial credits to be applied against a sentence. The Staff Judge Advocate's recommendation under RCM 1106, dated 3 July 2002, noted that Appellant was entitled to a total of 63 days confinement credit toward the adjudged sentence.

[2] Appellant was represented at trial by LT Allan Karlson, JAGC, USN. Appellant's "Petition for Clemency" dated 31 July 2002 was submitted by LT A. N. Cho, JAGC, USN, as "Detailed Defense Counsel."