**UNITED STATES**

v.

**Madison J. ST. PIERRE, Seaman Recruit (E–1), U.S. Coast Guard.**

CGCMS 24253.
Docket No. 1193.

U.S. Coast Guard Court of Criminal Appeals.

21 Jan. 2004.

Order Denying Reconsideration
March 5, 2004.

Trial Counsel: LT Shawn C. Gray, USCG.

Defense Counsel: LT Kyle P. Durand, JAGC, USN.

Appellate Defense Counsel: LCDR Nancy J. Truax, USCG.

Appellate Government Counsel: LT Sandra J. Miracle, USCG.

Before Panel One BAUM, Chief Judge, KANTOR and CAHILL, Appellate Military Judges.

PER CURIAM.

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of attempted introduction of Valium, a schedule IV controlled substance, onto a military installation with intent to distribute, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of failure to go to appointed place of duty, in violation of Article 86, UCMJ; one specification of possession of marijuana, in violation of Article 112a, UCMJ; and two specifications of breaking restriction, in violation of Article 134, UCMJ.

Appellant was sentenced to a bad-conduct discharge and confinement for ninety days. The Convening Authority approved the sentence, but, in accordance with the pretrial agreement, suspended execution of confinement in excess of fifty-nine days for a period of twelve months from the date of the Convening Authority's action on 1 August 2003. In accordance with *United States v. Allen,* 17 M.J. 126 (C.M.A.1984), Appellant received fifty-nine days of credit for pretrial confinement.

Before this Court, Appellant asserts, and the Government agrees, that the promulgating order incorrectly describes Charge I as attempted distribution of a controlled substance, when, in fact, the specification alleges an attempt to introduce a controlled substance onto an installation with the intent to distribute. The promulgating order should be corrected to accurately describe Charge I. No other error has been assigned.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed. The Convening Authority shall issue a supplemental promulgating order correctly describing Charge I and the action of this Court.

### ORDER—PANEL ONE

BAUM, Chief Judge:

Appellant has moved for reconsideration of this Court's decision of 21 January 2004 affirming the findings of guilty and a sentence, which included an approved bad-conduct discharge. In his motion of 19 February 2004, Appellant asserts that after the case was referred to this Court, but before our decision was rendered, Appellant was discharged from the Coast Guard with a general discharge. He now asks this Court to determine, upon reconsideration, whether the general discharge operated as a remission of the bad-conduct discharge, and requests leave to file a brief on this issue. In a response, the Government has joined Appellant's motion for reconsideration, but has taken a different position on the issue presented. The Government asserts that the discharge was a legal nullity, having been issued without authority, and that, upon reconsideration, we should determine whether the discharge was valid. If we conclude that it was valid, the Government wants this Court to then decide whether the administrative discharge operates to remit the bad-conduct discharge. The Government also requests leave to file a brief on the issue. Mindful of the United States Supreme Court's opinion in *Clinton v. Goldsmith*, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999), it is by the Court this 5th day of March 2004,

ORDERED:

That the motions filed by Appellant and the Government are hereby denied, as raising matters outside the purview of court-martial review under Article 66, Uniform Code of Military Justice (UCMJ). *Clinton v. Goldsmith* made it clear that the independent statutory jurisdiction of the Court of Appeals for the Armed Forces is narrowly circumscribed and that action to drop an officer from the rolls is an executive action, which appears straightforwardly to be beyond that Court's jurisdiction to review. *Goldsmith*, 526 U.S. at 535. By extension, the same must be said for Courts of Criminal Appeals and administrative discharge action for enlisted personnel. Moreover, as pointed out in *Clinton v. Goldsmith*, other administrative bodies in the military, and the federal courts, have authority to provide administrative or judicial review of the challenged action. *Id.* at 537–538. Accordingly, as in *Clinton v. Goldsmith*, we have determined that the executive action addressed by the motions in this case falls outside our express statutory jurisdiction under Article 66, UCMJ, notwithstanding our jurisdiction to entertain a motion to reconsider this Court's earlier decision, as having been filed within the time allowed by Rule 19 of the Rules of Practice and Procedure of the Courts of Criminal Appeals, and with neither a petition for grant of review nor a certificate for review having been filed with the United States Court of Appeals for the Armed Forces.

Judges KANTOR and CAHILL concur.