# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Christopher S. BUNGERT,
### Avionics Technician Third Class (E-4), U.S. Coast Guard

## CGCMS 24264

## Docket No. 1203

## 23 February 2005

Special Court-Martial convened by Commanding Officer, Coast Guard Activities San Diego. Tried at Naval Station San Diego, California, on 9 September 2003.

| | |
|---|---|
| Military Judge: | CDR Gilbert E. Teal, USCG |
| Trial Counsel: | LT Michael R. Vaughn, USCG |
| Defense Counsel: | LT Jason D. Kraus, JAGC, USNR |
| Assistant Defense Counsel: | LT Ian P. Wolf, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

## BEFORE
## PANEL FIVE
## BAUM, McCLELLAND, & HAMEL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of attempting to wrongfully distribute methamphetamines, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of dereliction of duty by using a government credit card for purposes unrelated to official government travel, in violation of Article 92, UCMJ; and two specifications of wrongfully using amphetamines and methamphetamines, and one specification of wrongfully distributing methamphetamines, in violation of Article 112a, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 180 days, and reduction to E-1. The Convening Authority approved

only so much of the adjudged sentence as provides for a bad-conduct discharge, confinement for 120 days and reduction to E-1, which was within the terms of the pretrial agreement. The Convening Authority also credited Appellant with 113 days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Before this Court, Appellant has assigned two errors, both of which assert plain error, the first by the military judge's admitting and considering evidence of uncharged misconduct in aggravation, and the second by admitting and considering evidence of plea negotiation in violation of Military Rules of Evidence 410. Appellant did not object to this evidence at trial, so, if error was in fact committed, it was waived unless it constituted plain error. We conclude that any consideration by the judge of the complained-of evidence did not amount to plain error and is, therefore, deemed waived. Appellant's assignments are rejected for that reason.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Roy Shannon Jr.
Clerk of the Court