**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Steven D. ROTHIG,**
**Seaman Storekeeper (E-3), U.S. Coast Guard**

**CGCMS 24326**

**Docket No. 1249**

**23 January 2006**

Special Court-Martial convened by Commanding Officer, USCGC WALNUT (WLB 205).
Tried at Honolulu, Hawaii, on 9 June 2005.

| | |
|---|---|
| Military Judge: | CAPT Thomas R. Cahill, USCG |
| Trial Counsel: | LCDR Paul T. Markland, USCG |
| Defense Counsel: | LT Emilie A. Passe, JAGC, USNR |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCG |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

**BEFORE**
**PANEL EIGHT**
**BAUM, TEAL, & FELICETTI**
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of attempting to wrongfully distribute four designer amphetamine "ecstasy" pills, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of wrongfully using designer amphetamine "ecstasy" pills and one specification of wrongfully introducing four designer amphetamine "ecstasy" pills onto a military installation, in violation of Article 112a, UCMJ; and one specification of wrongfully soliciting a seaman to introduce four designer amphetamine "ecstasy" pills onto a military installation, in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-

conduct discharge, forfeiture of $800 per month for ten months, reduction to E-1, and confinement for ten months, which he credited with forty-four days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). The Convening Authority approved the sentence as adjudged and suspended confinement in excess of seven months pursuant to the terms of the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,

Jane R. Lim
Clerk of the Court