# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Julian R. YANGER
### Electrician's Mate Third Class (E-4), U.S. Coast Guard

## CGCMG 0222

## Docket No.  1271

## 4 September 2009

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 26 May 2006.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Anthony S. Simpson, USCGR |
| Assistant Trial Counsel: | LCDR Patrick M. Flynn, USCG |
| Defense Counsel: | LT Peter P. Pascucci, JAGC, USNR |
| Assistant Defense Counsel: | LT Craig M. Warner, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| | CDR Necia L. Chambliss, USCGR |
| | LT Kelley L. Tiffany, USCGR |
| Appellate Government Counsel: | LCDR Patrick M. Flynn, USCG |
| | LT Emily P. Reuter, USCG |

## BEFORE
## MCCLELLAND, LODGE & TOUSLEY
Appellate Military Judges

MCCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ); and one specification of involuntary manslaughter, in violation of Article 119, UCMJ.  The military judge sentenced Appellant to reduction to E-1, forfeiture of all pay and allowances, confinement for six years, and a dishonorable discharge.  The Convening Authority approved the sentence as adjudged and suspended the execution of confinement in excess of

forty-three months for eighteen months from the date the accused is released from confinement, pursuant to the terms of the pretrial agreement. The Convening Authority also credited Appellant with 105 days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Before this Court, Appellant assigned two errors: (1) Appellant's plea to involuntary manslaughter is improvident because the military judge failed to define the defense of self-defense and failed to explain the concepts of proximate cause and contributory negligence, and (2) Appellant is entitled to six additional days of credit for time spent in civilian confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

On 21 March 2008, this Court set aside the finding of guilty of involuntary manslaughter, agreeing that Appellant's plea to manslaughter was improvident because the military judge failed to define the defense of self-defense, and affirmed the finding of wrongfully using cocaine. We also commented upon the second issue raised by Appellant, encouraging resolution of such an issue without the involvement of this Court. *United States v. Yanger*, 66 M.J. 534. The government appealed, and on 12 November 2008, the Court of Appeals for the Armed Forces (CAAF) set aside our decision and remanded, finding that we erred in setting aside the manslaughter conviction. *United States v. Yanger*, 67 M.J. 56.

Appellant now reiterates before this Court his previous assignments of error, adjusting for CAAF's decision: (1) Appellant's plea to involuntary manslaughter is improvident because the military judge failed to explain the concepts of proximate cause and contributory negligence, and (2) Appellant is entitled to six additional days of credit for time spent in civilian confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). We summarily reject the first issue.

Appellant contends that he is entitled to credit for six days spent in civilian confinement between the charged offenses and his trial. This issue was never mentioned at trial. We do not view the claim for credit as waived by the failure to raise it at trial. It is the convening authority's responsibility to ensure that credit for pretrial confinement is applied, *United States v.*

*Minyen*, 57 M.J. 804, 806 (C.G.Ct.Crim.App. 2002), although the military judge is normally expected to determine the amount of the credit, *United States v. Gunderson*, 54 M.J. 593, 594 (C.G.Ct.Crim.App. 2000). Hence it is clear that a claim for credit is not untimely if submitted to the convening authority after trial. In *United States v. Tardif*, 55 M.J. 670 (C.G.Ct.Crim.App. 2001), this Court entertained a claim for credit made for the first time upon request for reconsideration of our previously-issued decision under Article 66, UCMJ. *Allen* credit has been called "administrative ramifications of pretrial confinement." *United States v. Balboa*, 33 M.J. 304, 306 (C.M.A. 1991). We see no reason to preclude consideration of the issue inasmuch as Appellant remained confined at the time the issue was raised. We do not reach the question of whether we should or would consider it if an appellant had been released from confinement before the issue was raised.

We have determined the relevant facts from the original record of trial, Appellant's post-trial affidavit, and evidence provided by the Government and Appellant following our order of 28 May 2009. Charges against Appellant under Articles 86 and 112a, UCMJ, were initially preferred on 23 March 2005. These charges were withdrawn and dismissed on 14 July 2005. New charges against Appellant under Articles 86, 112a, and 119, UCMJ, were preferred on 26 September 2005, alleging offenses on or before 16 March 2005. Appellant was arrested for felony hit-and-run by the Hampton, Virginia police on Wednesday, 24 August 2005. He was confined for six days upon that charge. On 18 October 2005, he was found guilty of reckless driving, while the hit-and-run charge was not prosecuted. He was sentenced to confinement for six months, suspended for two years. The documentary evidence concerning the matter gives no indication of credit for his confinement.

*United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), held that Department of Defense (DoD) Instruction 1325.4 dated October 7, 1968, required credit for pretrial confinement against any sentence to confinement, as provided for civilian federal prisoners by 18 U.S.C. 3568.[1] The current DoD directive, containing essentially the same provision in paragraph 6.3.1.5. as that

---

[1] The *Allen* holding has been consistently applied to Coast Guard cases even though the Coast Guard is not part of the Department of Defense. This is inevitable given that the Coast Guard confines its prisoners in Department of Defense facilities. Accordingly, it is firmly embedded in Coast Guard practice. *See, e.g.,* Enclosures 8a, 8b, 18a of COMDTINST M5810.1D, Military Justice Manual, dated 17 August 2000.

relied on by the court in *Allen*, is DoD Instruction 1325.7 dated 17 July 2001. The corresponding federal statute is now 18 U.S.C. 3585(b), which provides:

> **Credit for Prior Custody.—** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Appellant urges that he is due credit under either (1) or (2) of 18 U.S.C. 3585(b). It is clear from the facts set forth above that he is, indeed, due six days of credit under (2) of 18 U.S.C. 3585(b). [2]

We assume the Convening Authority was aware of the six days of civilian confinement, but was unaware that it might warrant credit against Appellant's court-martial sentence. The Convening Authority was apparently never presented with this issue either before or after taking action, even though this Court, in our opinion of 21 March 2008, suggested that "a convening authority should address such a question at any time it is brought to his or her attention." Appellant was released from confinement on 3 November 2008, without having received credit for the six days of civilian confinement.

We adhere to the foregoing dictum and repeat it now for emphasis: a convening authority should address the question of credit for pretrial confinement whenever it is brought to his or her attention. If an accused has been confined upon civilian charges at a time that could result in credit against a court-martial sentence under 18 U.S.C. 3585, the facts should be determined as soon as possible so as to decide whether credit is due, and this should be done without waiting for a decision by this Court.

---

[2] In the absence of information to the contrary, we assume that the Commonwealth of Virginia would not give an accused credit for pretrial confinement unless and until the accused was actually confined upon sentence, and accordingly did not give Appellant credit for the six days. That is the way the federal system works. *See United States v. Wilson*, 503 U.S. 329 (1992).

In this case, the issue was raised while Appellant was still confined. If it had been addressed promptly after our 21 March 2008 decision, he would have been released approximately six days earlier than he was. The Government contends that his release renders the issue moot because any credit given now would have no practical effect; Appellant disagrees. We do not view the issue as moot. Appellant was confined six days longer than he should have been. The question becomes whether to grant a remedy for the lost six days, and if so, what the remedy should be. We believe a remedy is appropriate.

"When the record reveals . . . that an accused was improperly held in confinement past what should have been his release date, this Court may fashion an appropriate and meaningful remedy with respect to the remainder of the sentence." *United States v. Keith*, 36 M.J. 518, 519 (A.C.M.R. 1992), *citing United States v. Valead*, 32 M.J. 122 (C.M.A. 1991); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986); *United States v. Suzuki*, 20 M.J. 248 (C.M.A. 1985). As in *Keith*, we can provide a remedy by modifying some other portion of the sentence.

As a measure of the remedy, we may use the formula of Rule for Courts-Martial 305(k), Manual for Courts-Martial, United States (2005 ed.) whereby one day of confinement is equivalent to one day of total forfeitures. *United States v. Rosendahl*, 53 M.J. 344, 347 (C.A.A.F. 2000). *See also United States v. Weber*, 56 M.J. 736, 738 (C.G.Ct.Crim.App. 2002); *United States v. Sherman*, 56 M.J. 900 (A.F.Ct.Crim.App. 2002).

Appellant's sentence included forfeiture of all pay and allowances. Without that sentence element, he would nevertheless have forfeited all pay and allowances automatically while serving his sentence to confinement, pursuant to Article 58b, UCMJ. We will order six days of credit and disapprove the sentence to forfeiture of all pay and allowances. Appellant should thereby be entitled to pay and allowances for the six days of unauthorized confinement.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Only so much of the sentence as extends to reduction to E-1, confinement

for six years, and a dishonorable discharge is approved.  The findings of guilty and the sentence, as partially suspended below and as amended herein, are affirmed.  A credit of six days is hereby ordered against the sentence to confinement, in addition to the 105 days previously ordered by the convening authority.

Judges LODGE and TOUSLEY concur.

For the Court,



Gail M. Reese
Deputy Clerk of the Court