# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Alberto (NMN) PINTOS
## Seaman (E-3), U.S. Coast Guard

## CGCMS 24234

## Docket No. 1175

## 25 April 2003

Special Court-Martial convened by Commander, Eleventh Coast Guard District. Tried at Naval Station San Diego, San Diego, CA on 14 May 2002.

| | |
|---|---|
| Military Judge: | CDR Gilbert E. Teal, II, USCG |
| Trial Counsel: | LT Michelle C. Bas, USCG |
| Assistant Trial Counsel: | LT Jonathan A. Alexander, USCG |
| Detailed Defense Counsel: | LT Eric S. Berggren, JAGC, USNR |
| Civilian Defense Counsel: | Judith A. Litzenberger, Esquire |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL NINE
## BAUM, BRUCE, & PALMER
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was found guilty of one specification of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ). The judge sentenced Appellant to a bad conduct discharge (BCD), confinement for ninety days, and reduction to paygrade E-1. The convening authority approved the adjudged sentence, but suspended all confinement not already served for twelve months from the date sentence was announced, and credited Appellant with sixty-three days of pretrial confinement in accordance with *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). This had the effect of releasing Appellant from confinement on the day sentence was announced.

Before this Court, Appellant has assigned two errors: (1) that an unsuspended BCD is inappropriately severe punishment for a foreign national who honestly and reasonably believed

he had "resigned" his enlistment, had returned to his home country of Mexico, and had lived a productive and peaceful life for more than a decade, which included numerous legal entries into this country without incident or any indication that he was wanted for desertion by the Coast Guard, and (2) that the convening authority's action is ambiguous in that it doesn't state how much confinement has been suspended.

We disagree that a BCD is an inappropriately severe punishment for Appellant's violation of Article 85, UCMJ. He deserted the Coast Guard on 4 July 1989 and remained in desertion until he was arrested for that offense upon entering the country on 12 March 2002. A punitive discharge is an appropriate punishment for an almost thirteen year desertion, despite the exemplary life Appellant was living during that period in Mexico. We have determined after considering all the circumstances of this case that the discharge should be approved. Appellant's second assignment of error regarding the ambiguity of the convening authority's action is mooted by our action stating the number of days of confinement to be suspended. *United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002)(Courts of Criminal Appeals have "broad power" to moot appellants' claims of prejudice).

Upon review of the record in accordance with Article 66, UCMJ, we have determined that the findings and approved sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed, the remaining twenty-seven days confinement of the ninety days sentence, not already served, is ordered suspended for twelve months from the date the sentence was announced.



For the Court,


Roy Shannon, Jr.
Clerk of the Court