CRAWFORD, Chief Judge
(dissenting in part and concurring in the result):
I would apply waiver because of the lack of defense objections at various times throughout the trial, conduct a plain error analysis, and conclude that Appellant did not suffer any material prejudice.
The majority indicates that the “waiver rule is inapplicable to certain mandatory instructions,” 58 M.J. at 270, because the military judge bears the primary responsibility for ensuring that mandatory instructions are given. On the contrary, the instruction Appellant addresses in this appeal was not mandatory in this case under the Uniform Code of Military Justice [hereinafter UCMJ], the Manual for Courts-Martial, United States (2002 ed.) [hereinafter MCM], or United States v. Davidson, 14 M.J. 81 (C.M.A.1982), when read in conjunction with United States *272 v. Allen, 17 M.J. 126 (C.M.A.1984). In short, the defense at trial made a knowing waiver and, furthermore, suffered no harm.
APPLICABLE LAW
Article 51, UCMJ, 10 U.S.C. § 851 (2000), provides for mandatory instructions on the elements of the offense, the presumption of innocence, proof beyond a reasonable doubt, and the burden of proof. The MCM amplifies the UCMJ, setting forth a requirement for instructions on the maximum punishment, the impact of a punitive discharge, the procedures for deliberation and voting, a reminder to the members that they are solely responsible for an appropriate sentence and “should consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings, and matters introduced under R.C.M. 1001(b)(l)[.]” Rules for Courts-Martial 1005(e)(5) [hereinafter R.C.M.].
R.C.M. 1001(b)(1) expressly mandates that “[t]rial counsel shall inform the court-martial of the data on the charge sheet relating to ... the duration and nature of any pretrial restraint.” The non-binding discussion following R.C.M. 1005(e)(5) states: “[T]ailored instructions on sentencing should bring attention to the reputation or record of the accused in the service for good conduct, efficiency, fidelity, courage, bravery, or other traits of good character, and any pretrial restraint imposed on the accused.” While the charge sheet did not show any pretrial restraint, the stipulation of fact and the personal data sheet both showed three days of civilian confinement.
As the majority notes, Davidson further informs the Court’s analysis of the issue; however, I disagree with the majority’s interpretation of Davidson. It is significant that Davidson was a 1-1-1 opinion. First, Judge Fletcher indicated that United States v. Wheeler, 17 C.M.A. 274, 38 C.M.R. 72 (1967), “delineate[d] the matters which the members should consider in their deliberation, ... holding] the military judge’s rote instructions in ... [Davidson’s] case were inadequate as a matter of law.” 14 M.J. at 86. Wheeler is different from the present case because in Wheeler, the instruction contained “[n]ot a word ... about the evidence in extenuation or aggravation,” but only guidance on the maximum punishment. 17 C.M.A. at 274, 38 C.M.R. at 74.
In addition, Judge Cook, concurring in part and dissenting in part, recognized that the MCM provided that the members “may consider” pretrial confinement when imposing a sentence, and added that it was not a requirement to consider pretrial confinement, even under the Equal Protection Clause. Davidson, 14 M.J. at 91.
Finally, Chief Judge Everett, concurring in the result, agreed that the absence of an instruction was prejudicial since there is no requirement that the accused “receive credit on his sentence for pretrial confinement[.]” Id. at 87. Importantly, this concurrence was converted to the majority stance in Allen, where the Court held that an accused must be given day-for-day credit for time spent in lawful pretrial confinement. 17 M.J. at 128.
The majority reads too much into Davidson. In Davidson, the Court held that “rote instructions” to consider decorations and “all the facts and circumstances of this case as extenuated and mitigated by other matters” were inadequate. The Court did not hold what was required. The failure to mention the 143 days of pretrial confinement in Davidson was held to be error, but there is no language in Davidson that says or holds it is mandatory for the instructions to include a comment that pretrial confinement is to be considered as a matter in extenuation or mitigation.
DISCUSSION
The defense in the present case failed to capitalize on several opportunities to object or to request clarifying instructions, and in so doing, waived any further instruction on extenuation and mitigation.
First, the members of the court-martial knew that civilian authorities incarcerated Appellant for three days of pretrial confinement, as the issue was resolved prior to trial through stipulation.
[Assistant Defense Counsel]: Before going into documentary evidence looking at Pros *273 ecution Exhibit 2, the personal data, sheet, showing that Airman Miller spent three days in civilian confinement and on the charge sheet it doesn’t indicate that. [Military Judge]: I noticed that. And it is not the Defense’s position that the Accused is entitled to any credit for those three days?
[Assistant Defense Counsel]: It is, Your Honor.
[Military Judge]: It is?
[Assistant Defense Counsel]: Yes, your Honor.
[Military Judge]: And the Government’s position?
[Trial Counsel]: Your Honor, I did have a chance to research this and discuss with Colonel Weeks, our Staff Judge Advocate. The Government’s position is that because his pretrial confinement was for the same charge that is part of this case, that it would be the fact that the Accused was entitled to pretrial credit time.
The defense contends that the judge forgot to give an instruction required by the Military Judges’ Benchbook. See Legal Services, Dep’t of the Army, Pamphlet 27-9, Military Judges’ Benchbook (2001). On the contrary, the military judge already had an agreement from both sides that the three days would be credited against any confinement adjudged.
Moreover, immediately prior to the members’ deliberation on the appropriate sentence, Appellant requested an instruction that the members specifically consider his pretrial confinement.
[Military Judge]: Counsel for either side, objections to my instructions or requests for additional instructions?
[Trial Counsel]: None from the Government, Your Honor.
[Assistant Defense Counsel]: Yes, Your Honor, the Defense requests that the pretrial confinement credit instruction be given.
[Military Judge]: I’m going to provide that independent of whatever happens.
[Assistant Defense Counsel]: Okay.
This discussion occurred in front of the members. Appellant neither objected nor requested further instructions before the members began their deliberations, as he was no doubt satisfied that he would get credit under Allen.
After commencing their deliberations, the members raised a question concerning whether any confinement would be served locally. Appellant again failed to exploit an opportunity for objection.
[Military Judge]: Now in answer to your question number 3, is confinement conducted locally? Does it make a difference if it’s done in conjunction with a discharge or would a discharge force the confinement to be done in a different location?
Let me answer the question in parts. A discharge, if the members determine that a punitive discharge was appropriate in this case, would not drive where any confinement were served if you were to also adjudge confinement.
Now if the court members determine that confinement is appropriate the Accused will be transferred to the Air Force Correctional System. Now what that means is there are a lot of factors that would factor into whether or not the Accused would serve his confinement locally or somewhere else and that would include things such as the length of the term of confinement, obviously, the availability of bed space, the availability of facilities, the availability of correctional personnel. Again, a whole number of factors which without knowing — we can’t tell you exactly what those factors would be, so I can’t tell you if you give him x amount of time, if you determine confinement is appropriate, that he would serve it here or x amount of time, he might serve confinement somewhere else. That’s just impossible to do.
Now that partially answers your question. I realize it doesn’t answer the other . part, but as best we can does that answer your question?
[Affirmative response from all members.]
[Military Judge]: Both sides are you satisfied with that explanation?
[Assistant Defense Counsel]: Yes, Your Honor.
[Trial Counsel]: Yes, Your Honor.
*274 Finally, the members resumed deliberating, and the military judge convened a session under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), addressing confinement.
[Military Judge]: This Article 39(a) Session is called to order. The parties are present. The members are absent.
My understanding is that both sides concur that the Accused should be credited with three days of pretrial confinement against his term of confinement should there be confinement.
[Assistant Defense Counsel]: Yes, sir. [Military Judge]: So the Accused will be credited with three days of pretrial confinement against any term of confinement should confinement be adjudged.
[Military Judge]: Any matter that either side can think [of] that we need to take up prior to closing for the members deliberations?
[Assistant Defense Counsel]: Not from the Defense, Your Honor.
[Trial Counsel]: No, Your Honor.
[Military Judge]: This Article 39(a) Session is adjourned.
Consistent with the practice throughout trial, defense counsel failed to object or to request clarifying instructions.
Application of waiver in the absence of plain error disposes of this case because Appellant suffered no substantial harm from the omission of the instruction. First, the parties were never focused on the three days’ credit. The prosecution argued for a discharge and 15 months of confinement. To counter this argument, the defense three times asked the panel for four months of confinement. The three days’ credit was therefore de minimis, and even counter to the argument defense counsel was making to the members at the time.
Moreover, the judge instructed the members to give “due consideration to all matters in mitigation and extenuation[.]” Later in the instruction, he again told the members to consider matters in mitigation. Additionally, the judge very carefully discussed with counsel from both sides more than ten factors addressed in Wheeler, and gave more than just “rote instructions.”
In sum, Appellant clearly assumed he would receive the credit pursuant to Allen. As Chief Judge Everett noted in Davidson— Allen’s precursor — the credit could be given, as the military judge in this case planned, by reducing the sentence or directing the convening authority to give credit. 14 M. J. at 87 n. 2.
Thus, I disagree that Davidson requires a mandatory instruction on pretrial confinement. R.C.M. 1005(e) and R.C.M. 1001(b)(1) requirements were not triggered. Moreover, there was no plain error. To establish plain error, Appellant has the burden of showing that there was (1) error; (2) that it is plain; (3) that it “affect[s] substantial rights”; and (4) “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). See also United States v. Kho, 54 M.J. 63, 65 (C.A.A.F.2000)(Crawford, C.J., concurring in the result). In this case, even assuming Appellant has met his burden as to (1) and (2), he has not met his burden as to (3) and (4). The parties in this case realized the futility of arguing for a mere three days’ credit for pretrial confinement, in light of counsel’s arguments for a maximum punishment of 15 months and 4 months, respectively. The defense simply knew they were better off getting a sure three days’ credit after trial.
Accordingly, I dissent from the majority’s rationale, but concur in the result.