# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Jamie L. GAVIN,
### Seaman Boatswain's Mate (E-3), U.S. Coast Guard

## CGCMS 24272

## Docket No.  1213

## 27 September 2004

Special Court-Martial convened by Commander, Coast Guard Group Long Island Sound.  Tried at Central Islip, New York, on 16 January 2004.

| | |
|---|---|
| Military Judge: | CDR Stephen P. McCleary, USCG |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Defense Counsel: | LT Anthony M. Deitering, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR[*], & FELICETTI
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of unauthorized absence of forty-two days terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of making a false official statement, in violation of Article 107, UCMJ; and two specifications of wrongfully using cocaine, in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months and reduction to E-1.  He also determined, with the concurrence of both the trial counsel and defense counsel, that Appellant was entitled to

---

[*] Judge Kantor did not participate in this decision.

credit for fifty-nine days of pretrial confinement under *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). The Convening Authority approved the adjudged sentence, but, in accordance with the pretrial agreement, suspended execution of confinement in excess of three months for the period of confinement served plus six months thereafter.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors, but notes that the Convening Authority in his action failed to mention Appellant's judicially determined confinement credit. However, Appellant concedes that she received the appropriate confinement credit.

This Court reaffirms its position on this subject as stated in *United State v. Minyen*:

> We reiterate our recommendation from *Gunderson* that a convening authority *should* expressly state applicable credits when taking action on a court-martial sentence, and expand that recommendation to include additional administrative or judicial credits that may apply. As we noted in *Gunderson*, this approach facilitates post-trial review, even when an accused may have been released from confinement long before the convening authority takes action. *Id*. However, failure to state applicable credits in the convening authority's action is not error.

*United States v. Minyen*, 57 M.J. 804, 806 (C.G.Ct.Crim.App. 2002), citing *United State v. Gunderson*, 54 M.J. 593 (C.G.Ct.Crim.App. 2000) (emphasis in original).

We have reviewed the record in accordance with Article 66, UCMJ. The findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Roy Shannon Jr.
Clerk of the Court