# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman KYLE P. MOODY
### United States Air Force

## ACM S32300

## 2 March 2016

Sentence adjudged 7 January 2015 by SPCM convened at Joint Base Charleston, South Carolina. Military Judge: Matthew S. Ward (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 10 months, forfeiture of $1,031.00 pay per month for 10 months, and reduction to E-1.

Appellate Counsel for Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, contrary to his pleas, of use, distribution, and possession of cocaine and possession of heroin in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 10 months, forfeiture of $1,492.00 pay per month for 10 months, and reduction to E-1. Pursuant to the limits of a special court-martial, the convening authority approved forfeiture of only $1,031.00 pay per month for 10 months but otherwise approved the sentence as adjudged.

On appeal, Appellant asserts a single assignment of error requesting relief for the non-prejudicial delay of 37 days between the convening authority's action and docketing with this court. We decline to provide relief.

*Background*

While off base, Appellant was stopped by local law enforcement for a traffic violation near an area known for drug activity. The police officer recovered two small baggies which Appellant had tried to hide in his mouth during the traffic stop. One baggie was found to contain less than a gram of heroin and the other contained less than a gram of cocaine.

Additionally, another Airman was previously court-martialed for his use of cocaine after his random urinalysis tested positive for the substance. This other Airman testified that Appellant provided him with cocaine and the two of them used it together.

*Post-trial Delay*

Appellant asserts that this court should grant him meaningful relief in light of the 37 days that elapsed between the convening authority's action and docketing with this court. Under *United States v. Moreno*, courts apply a presumption of unreasonable delay "where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Appellant does not assert any prejudice, and we find none. When there is no showing of prejudice under the fourth *Barker* factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in the initial processing of this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are also convinced that any error is harmless beyond a reasonable doubt.

Although Appellant does not assert any prejudice, he argues that the court should nonetheless grant relief under *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). This court set out a non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief in *United States v. Bischoff*, 74 M.J. 664, 672 (A.F. Ct. Crim. App. 2015). *See also United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015) (articulating factors specifically tailored to answer the question of whether *Tardiff* relief is appropriate). The factors include the length and reasons for the delay, the length and complexity of the record, the offenses involved, and evidence of bad faith or gross negligence in the post-trial process.

Appellant has not asserted any additional factors that merit consideration in this case. The length of the delay only exceeded the standard by 7 days. There was no evidence of bad faith or gross negligence. However, the Government offers no reason for the delay, and the record consisted of two volumes with 188 pages of transcript. We also consider the offenses which include the distribution of cocaine to another Airman and their use of the substance together. Appellant argues that unless we grant relief we are impermissibly setting a standard that is greater than 30 days. Appellant misapprehends the precedent established by *Moreno*, *Tardif*, *Bischoff*, and *Gay*. While our superior court established the bright-line standard in *Moreno*, it did not set forth a system of automatic credit when that standard is violated. *Cf. United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) (requiring credit for time spent in pre-trial confinement). After applying the facts in this case to the established case law, we conclude that sentence relief is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court