# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201700159

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### GABRIEL G. PARSONS
Hospital Corpsman Third Class (E-4), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert J. Crow, JAGC, USN.
Convening Authority: Commanding Officer, Naval Hospital, Jacksonville, FL.
Staff Judge Advocate's Recommendation: Lieutenant Nadine N. Jenkins, JAGC, USN.
For Appellant: Lieutenant Colonel Lee C. Kindlon, USMCR.
For Appellee: Lieutenant Commander Brian C. Burgtorf, JAGC, USN; Major Kelli A. O'Neil, USMC.

———————————

Decided 24 October 2017

———————————

Before, MARKS, JONES, and WOODARD, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification each of assault with a loaded firearm, assault consummated by a battery, and child endangerment in violation of Articles 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928 and 934. The military judge sentenced the appellant to a

bad-conduct discharge, confinement for 12 months, and reduction to the pay grade of E-1. Pursuant to a pretrial agreement, the convening authority (CA) approved the sentence as adjudged but suspended all confinement in excess of 10 months and, except for the bad-conduct discharge, ordered the sentence executed.[1]

In his sole assignment of error, the appellant contends that his adjudged sentence is inappropriately severe given the nature and seriousness of the offenses and his character of service.

After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

In July 2016, the appellant began to suspect that his wife of six years was having an affair with one of his friends—a fellow Sailor. The appellant confronted his wife and friend about his suspicions. Both denied the affair.

The following month, the appellant's wife confided in him that she and the appellant's friend had engaged in sexual intercourse. The appellant responded by repeatedly punching his wife in the arm. Wanting to know more about the affair, he pressed his wife for details about the relationship. When his wife refused to answer his questions, he retrieved his loaded pistol from their bedroom, stood over his seated wife, pointed the loaded pistol at her head, and demanded she tell him everything about the affair. He did this in front of their three-year-old son, who was crying and begging them to stop fighting.

After learning of the appellant's misconduct through the Family Advocacy Program, the appellant's command issued a Military Protective Order (MPO) which prohibited the appellant from contacting or communicating with his wife and their son. On 8 January 2017, the appellant violated the MPO, for which he was later punished at nonjudicial punishment.[2]

---

[1] As a matter of clemency and in accordance with Article 58b(b), UCMJ, the CA deferred the automatic forfeitures from the date they would have become effective until the date of the CA's action.

[2] The nonjudicial punishment proceedings documentation and MPO were later admitted, without objection from the trial defense counsel, as aggravation evidence. Record at 64-65.

## II. DISCUSSION

### A. Sentence appropriateness

The appellant argues that when considering the nature and seriousness of his offenses, his previous honorable service, good military character, and his lack of any prior disciplinary problems, his adjudged sentence is inappropriately severe, warranting relief pursuant to Article 66, UCMJ. We disagree.

We review sentence appropriateness *de novo. United States v. Lane,* 64 M.J. 1, 2 (C.A.A.F. 2006). This court "may affirm only . . . the sentence or such part or amount of the sentence, as it . . . determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. "Sentence appropriateness involves the judicial function of assuring justice is done and that the accused gets the punishment he deserves." *United States v. Healy,* 26 M.J. 395, 395 (C.M.A. 1988). Assessing sentence appropriateness requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Despite our significant discretion in reviewing the appropriateness and severity of an adjudged sentence, we cannot engage in acts of clemency. *United States v. Nerad,* 69 M.J. 138, 146 (C.A.A.F. 2010).

At the time the appellant learned of his wife's affair, he had $8^{1/2}$ years of honorable service to his credit. Included in his honorable service were three deployments (including one combat tour) and numerous awards, accolades, and positive evaluation reports. However, his conduct and character of service from that point forward is significantly marred by the misconduct for which he was convicted at trial. When assessing the nature and seriousness of the appellant's offenses, we note the violent and physically and mentally injurious nature of his offenses; he held a loaded .45 caliber pistol to his wife's head after physically assaulting her—all in the presence of his crying child.

Having given individualized consideration to the appellant, the nature and seriousness of his offenses, his character, record of service, and all other matters contained in the record of trial, we find that the jurisdictional maximum sentence adjudged by the military judge was not inappropriately severe. Under the circumstances of this case, we are convinced that justice was done, and the appellant received the punishment he deserved. *Healy,* 26 M.J. at 395. To grant relief at this point would be to engage in an act of clemency, a prerogative reserved for the CA. *Id.* at 395-96.

**B. Pretrial confinement credit**

The appellant was in pretrial confinement from 2-7 December 2016. As a result, the military judge ordered six days of pretrial confinement credit in accordance with *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984). Although the report of results of trial accurately reflects the pretrial confinement credit ordered by the military judge and is included as an enclosure to the staff judge advocate's recommendation (SJAR), the SJAR, on its face, incorrectly reflects "zero days of applicable confinement credit."[3] The court-martial order has no reference to confinement credit. The appellant does not assert, and we do not find, prejudice resulting from the SJAR error. However, we order corrective action in our decretal paragraph.

### III. CONCLUSION

The findings of guilty and the sentence, as approved by the CA, are affirmed. The supplemental court-martial order shall reflect that the appellant is credited with six days of pretrial confinement credit.

For the Court

R.H. TROIDL
Clerk of Court

---

[3] SJAR of 12 Apr 2017 at 1.