UNITED STATES

v.

Senior Airman Alan M. NOONAN, FR 278–70–8078, United States Air Force.

ACM 24529 (reh).

U.S. Air Force Court of Military Review.

17 Jan. 1986.

**764**

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Deborah J. Hudspeth and Major Robert L. Frasier, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Captain Marc Van Nuys.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION UPON REHEARING

O'HAIR, Judge:

Court-martial charges alleging violations of Articles 80, 128, and 86, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. §§ 880, 886, 928, are before us again following the appellant's second trial by a general court-martial. The findings of guilty and the sentence from the first trial were set aside and a rehearing was ordered by this Court because of the erroneous admission of an unauthenticated copy of a sanity board report. At the rehearing the appellant was again found guilty of all charges and specifications and the court members imposed a sentence which is identical to that adjudged at his first trial.

█ Appellant now complains that the second court-martial was without jurisdiction to hear his case because jeopardy had attached following his first conviction. We disagree. R.C.M. 1107(e)(1)(C)(ii) and the discussion which follows that paragraph clearly authorized the convening authority to order a rehearing of the three charges against appellant. The second sentence of that paragraph states: "A rehearing may be ordered, however, if the proof of guilt [at the previous court-martial] consisted of inadmissible evidence for which there is available an admissible substitute." In the case before us, the inadmissible evidence at the first court-martial was an unauthenticated copy of a sanity board report. Had this document been properly authenticated

prior to its admission, we would have found no error. At the second court-martial, the trial counsel introduced the same report, however, this time it was in conjunction with the testimony of one of the members of appellant's sanity board. We find that the introduction of this evidence at the second court-martial was precisely what was contemplated and permitted by the language set out above. Accordingly, we hold that no jeopardy attached following the first court-martial and the convening authority correctly ordered this rehearing.

█ In a second assignment of error, appellant alleges the military judge erred during his sentencing instructions by informing the court members they should consider the fact that the appellant will receive a 497 day credit against any sentence to confinement. Following guidelines set out in *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), they were specifically informed that appellant spent 435 days in pretrial confinement and he would be administratively credited with 435 days of confinement. Additionally the military judge told them that he had determined that 62 of those days involved the appellant being unlawfully commingled with sentenced prisoners in violation of Article 13, U.C.M.J., 10 U.S.C. § 813, and therefore, the appellant would be given an administrative credit of 62 additional days for that unlawful commingling. Appellant argues that such an instruction by the military judge caused the court members to increase an otherwise appropriate sentence to off-set the credit.

We disagree with appellant's position on this issue. All too often our court members appear to be uninformed about the secondary implications of an adjudged court-martial sentence. This has been illustrated to us in other records of trial by the questions they have asked military judges about the implementation and execution of different aspects of hypothetical sentences. Sometimes the military judges answer the questions and sometimes the court members are informed this matter is outside

their province. When the latter response is given, one sometimes wonders if such an answer was prompted by the fact that the military judge was also unclear regarding the answer to the question. Our belief is that the more information we can provide the court members regarding sentencing, the more capably they will execute their responsibilities and the more appropriate their sentence will be.

It seems ironical for an appellant to complain, as in the case before us, about informing the court members of the application of the *Allen, supra,* credit when, if this were a trial before a military judge alone, the military judge would certainly have this knowledge and would legitimately take this matter into consideration while deliberating on the sentence. Thus, after having been given appropriate instructions, there is no reason why court members should not also be privy to the same information regarding pretrial confinement as the military judge has at his disposal.

Chief Judge Everett, in *United States v. Allen, supra,* referencing paragraph 76a(2), M.C.M. (1969), has expressed his opinion that in a trial before members they should be instructed on the nature and duration of any pretrial restraint.[1] The Army Court of Military Review has adopted this same philosophy and finds it would be misleading to advise the court members they can consider as a fact in mitigation time spent in pretrial confinement, but fail to also mention the administrative pretrial credit procedure. *See United States v. Stark,* 19 M.J. 519 (A.C.M.R. 1984). We are in total agreement with the Army's position on this issue and extend it one step further to include advice to court members regarding credit for unlawful pretrial confinement.

In the case before us, the military judge determined that the duration of the pretrial restraint was 435 days and the nature of it was that he was in legal pretrial confinement for 373 days and in illegal pretrial confinement for 62 days. Having so informed the court of this fact, it was further incumbent on the military judge to explain to them the administrative consequences to appellant, i.e., the *Allen* credit. In only this way could the court members arrive at an informed, appropriate sentence for appellant.

Finding no error, the findings and sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.

---

1. Similar language is found in R.C.M. 1001(b)(1).