# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Seth A. COKER
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24249

## Docket No.  1188

## 12 January 2004

Special Court-Martial convened by Commanding Officer, Communications Air and Master Station Atlantic.  Tried at Norfolk, Virginia, on 3 March 2003.

| | |
|---|---|
| Military Judge: | CDR John C. Odell, USCG |
| Trial Counsel: | LT Patrick M. Flynn, USCG |
| Defense Counsel: | LT David M. Dubay, USCG |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR, & CAHILL
Appellate Military Judges

Per Curiam:


Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of insubordination in violation of Article 91, UCMJ; one specification of wrongful possession of marijuana and one specification of wrongful use of cocaine, in violation of Article 112a, UCMJ; and one specification of larceny of a cellular telephone, a laptop computer, a car television, an ATM card, and U.S. currency, of a value of about $3,000 in violation of Article 121, UCMJ.

Appellant was sentenced to a bad conduct discharge, confinement for 120 days, and reduction to E-1. The Convening Authority approved the sentence and, in accordance with the pretrial agreement, suspended execution of confinement in excess of ninety days. The Convening Authority also indicated that application of credit against the unsuspended sentence based on *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) has resulted in confinement of sixteen days.

Before this Court, Appellant has asserted one assignment of error, that his plea of guilty to unauthorized absence from on or about 15 November 2002 to on or about 23 November 2002, as alleged in specification two of Charge I, was not provident because the military judge failed to resolve inconsistencies between Appellant's statements and his guilty plea. According to Appellant, his statement that he submitted to a random urinalysis on 15 November is so inconsistent with his statements that he failed to report for duty on 15 November and began a period of unauthorized absence that we should find his plea improvident. We disagree and affirm.

During the inquiry into the larceny and unauthorized absence specifications, Appellant gave a detailed account of his actions leading up to his departure from New Orleans on the morning of 15 November 2002. He said that he took certain items belonging to his roommate from their shared barracks room sometime after midnight and went to New Orleans to buy additional cocaine. He unsuccessfully looked for an open pawnshop and then rented a hotel room. That morning, he left for Hattiesburg, Mississippi and failed to report for duty when liberty expired. He discarded some of the items taken from his roommate and pawned others after he arrived in Hattiesburg. There were no inconsistencies in his statements concerning those offenses.

During the inquiry into the specification alleging use of cocaine, Appellant said he purchased a gram of cocaine from a street dealer for $90. He then used the cocaine by inhaling it through a dollar bill while sitting in his parked car between midnight and approximately 0100. He admitted feeling the effects of cocaine. Appellant also admitted that "he had used [cocaine] also the day before, which would have been the 14th, until like, I would say around 1:00 or 1:30

in the morning." R. at 71. The following exchange then took place between Appellant and the military judge:

> Military Judge: You were tested, I believe, pursuant to a urinalysis test on the 15th of November?[1]
>
> Appellant: Yes, sir.
>
> Military Judge: And that was the morning after the night you purchased and snorted cocaine?
>
> Appellant: Yes, sir.

R. at 71-72.

This is the sum of the alleged inconsistency. Admittedly, the military judge and counsel should have identified and resolved this inconsistency during the plea inquiry and while examining the stipulation of fact. However, failure to do so does not render the plea improvident. Under *United States v. Prater*, we may reject a guilty plea only if the record provides a substantial basis in law and fact for doing so. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991). Neither the stipulation of fact nor Appellant's responses to the military judge's inquiry established a date certain for the urinalysis. Appellant indicated that he was subjected to urinalysis on the morning after he used cocaine, but he admitted to using cocaine on two nights consecutively prior to beginning the period of unauthorized absence. Appellant's statements support a conclusion, consistent with his pleas, that he used cocaine, submitted to urinalysis, used cocaine again, and then failed to report for duty. Appellant and his counsel expressly indicated that they were unaware of any defenses to the offenses to which Appellant pled guilty. Therefore, we believe Appellant's statements concerning the urinalysis are not materially inconsistent with his guilty pleas to either the drug use or unauthorized absence offenses, and find there is not a substantial basis in the record to reject Appellant's plea to unauthorized absence.

---

[1] A stipulation of fact indicated that Appellant underwent a random urinalysis "on or about 15 November 2002." The record contains no other evidence of that urinalysis.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty and sentence are deemed to be correct in law and fact and should be approved. Accordingly, the findings and sentence as approved and partially suspended below are affirmed.



For the Court,


Roy Shannon Jr.
Clerk of the Court