# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Madison J. ST. PIERRE,
### Seaman Recruit (E-1), U.S. Coast Guard

## CGCMS 24253

## Docket No. 1193

## 21 January 2004

Special Court-Martial convened by Commanding Officer, Coast Guard Integrated Support Command Seattle. Tried at Seattle, Washington, on 3 April 2003.

| | |
|---|---|
| Military Judge: | CDR Gilbert E. Teal II, USCG |
| Trial Counsel: | LT Shawn C. Gray, USCG |
| Defense Counsel: | LT Kyle P. Durand, JAGC, USN |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR, & CAHILL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of attempted introduction of Valium, a schedule IV controlled substance, onto a military installation with intent to distribute, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of failure to go to appointed place of duty, in violation of Article 86, UCMJ; one specification of possession of marijuana, in violation of Article 112a, UCMJ; and two specifications of breaking restriction, in violation of Article 134, UCMJ.

**United States v. Madison J. ST. PIERRE, No. 1193 (C.G.Ct.Crim.App. 2004)**

Appellant was sentenced to a bad-conduct discharge and confinement for ninety days. The Convening Authority approved the sentence, but, in accordance with the pretrial agreement, suspended execution of confinement in excess of fifty-nine days for a period of twelve months from the date of the Convening Authority's action on 1 August 2003. In accordance with *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), Appellant received fifty-nine days of credit for pretrial confinement.

Before this Court, Appellant asserts, and the Government agrees, that the promulgating order incorrectly describes Charge I as attempted distribution of a controlled substance, when, in fact, the specification alleges an attempt to introduce a controlled substance onto an installation with the intent to distribute. The promulgating order should be corrected to accurately describe Charge I. No other error has been assigned.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed. The Convening Authority shall issue a supplemental promulgating order correctly describing Charge I and the action of this Court.



For the Court,

Roy Shannon Jr.
Clerk of the Court