# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40668**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Parker C. MYSLOW**
Second Lieutenant (O-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 October 2025

————————————

*Military Judge*: Pilar G. Wennrich.

*Sentence*: Sentence adjudged on 26 March 2024 by GCM convened at Seymour Johnson Air Force Base, North Carolina. Sentence entered by military judge on 22 April 2024: Dismissal.

*For Appellant*: Major Brian E. Flanagan, USAF; Major Frederick J. Johnson, USAF.

*For Appellee*: Colonel G. Matt Osborn, USAF; Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MASON, and KUBLER, *Appellate Military Judges*.

Judge KUBLER delivered the opinion of the court, in which Senior Judge DOUGLAS and Judge MASON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KUBLER, Judge:

A military judge sitting at a general court-martial found Appellant guilty, consistent with his pleas, of one specification of failure to obey a lawful general regulation by wrongfully using delta-8-tetrahydrocannabinol (THC-8) on divers occasions, and one specification of wrongfully using a Schedule I controlled substance, delta-9-tetrahydrocannabinol (THC-9), on divers occasions, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a.[1]

Prior to trial, Appellant spent 161 days in pretrial confinement and entered into a negotiated plea agreement, voluntarily pleading guilty to the charges and specifications above and agreeing "a dismissal shall be adjudged," in exchange for the guarantee that no additional confinement would be adjudged and that two additional charges which carried the potential for an additional 14 years of confinement would be dismissed with prejudice upon announcement of sentence.

The military judge sentenced Appellant to a dismissal as required by the plea agreement, and the convening authority took no action on the findings or the sentence. In addition to stating the foregoing information, the entry of judgment contained this indorsement: "The following criminal indexing is required . . . according to the references listed: . . . Firearm Prohibition Triggered Under 18 U.S.C. § 922: Yes."

This court docketed Appellant's case on 5 September 2024—163 days after the sentence was adjudged on 26 March 2024 and 13 days beyond the 150-day standard for facially unreasonable delay this court established in *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020).

Appellant raises three issues on appeal which we have rephrased: whether (1) Appellant's sentence is inappropriately severe; (2) Appellant is entitled to relief for post-trial docketing delay of 13 days; and (3) as applied to Appellant, 18 U.S.C. § 922 is unconstitutional.

We have carefully considered issue (3) and find it warrants neither discussion nor relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); *see also United States v. Johnson*, __ M.J. __, No. 24-0004, 2025 CAAF LEXIS 499, at \*13–14 (C.A.A.F. 24 Jun. 2025) (holding Courts of Criminal Appeals lack "authority to modify the [18 U.S.C.] § 922 indication" in the entry of judgment).

.

---

[1] Unless otherwise noted, all references to the UCMJ and to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

As to the remaining issues, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant began his short Air Force career by using THC-8 and THC-9 in July 2023, the month he arrived at his first duty location, Seymour Johnson Air Force Base (AFB), North Carolina. The 15th Air Force Deputy Commander addressed Appellant's first use of THC-8 and THC-9 by issuing him nonjudicial punishment, pursuant to Article 15, UCMJ, 10 U.S.C. § 815.

After receiving nonjudicial punishment, Appellant continued to use THC-8 products that he purchased at local area shops and THC-9 products that he purchased from an online vendor. Appellant's consistent use of THC-8 and THC-9 was revealed by six positive urinalyses taken pursuant to a commander policy to rescreen individuals who previously tested positive. The six positive urinalyses formed the basis of the charges in this case and are summarized below.

| Urinalysis Date | THC-8 | THC-9 |
|---|---|---|
| 14 August 2023[2] | 1653 ng/ml ⬆ | 122 ng/ml ⬇ |
| 23 August 2023 | 161 ng/ml ⬇ | 453 ng/ml ⬆ |
| 5 September 2023 | 36 ng/ml ⬇ | 340 ng/ml ⬇ |
| 14 September 2023 | 21 ng/ml ⬇ | 465 ng/ml ⬆ |
| 27 September 2023 | 564 ng/ml ⬆ | 91 ng/ml ⬇ |
| 6 October 2023 | 1423 ng/ml ⬆ | 34 ng/ml ⬇ |

Faced with Appellant's continued use of THC-8 and THC-9, his commander ordered Appellant into pretrial confinement on 17 October 2023, and preferred charges on 20 October 2023. The charges, one specification of failure to obey a lawful general regulation by wrongfully using THC-8 on divers occasions in violation of Article 92, UCMJ, and one specification of wrongfully using a Schedule I controlled substance, THC-9, on divers occasions, in violation of Ar-

---

[2] Appellant's 31 July 2023 urine sample tested positive for THC-8 at 89 ng/ml and THC-9 at 559 ng/ml. Appellant's subsequent 14 August 2023 urine sample tested positive for THC-8 at a higher level of 1653 ng/ml and lower for THC-9 at 122 ng/ml as indicated by the arrows. An up arrow indicates a higher level than Appellant's previous test and a down arrow indicates a lower level from Appellant's previous test.

ticles 112a, UCMJ, carried a maximum punishment of a dismissal, confinement for seven years, forfeiture of all pay and allowances, a fine, and a reprimand.

Prior to his trial, Appellant spent 161 days in pretrial confinement and entered into a negotiated plea agreement, voluntarily pleading guilty to the charges and specifications above and accepting "a dismissal shall be adjudged," in exchange for the guarantee that no additional confinement would be adjudged and that two additional charges which carried the potential for an additional 14 years of confinement would be dismissed with prejudice upon announcement of sentence.[3] "I offer to plead guilty"—Appellant stated in his plea agreement—"because it will be in my best interest in accordance with the conditions stated herein." One condition therein was "a dismissal shall be adjudged."

At trial, the military judge discussed the impact of a dismissal with Appellant, ensured he had discussed the dismissal with his trial defense counsel, and asked Appellant, "Knowing what I and your defense counsel have explained to you, is it your expressed desire to be discharged with a dismissal?" "Yes, ma'am," said Appellant. "Okay"—the judge continued—"And do you consent to your defense counsel stating in argument that you desire to be discharged with a dismissal if it precludes any additional punishment in accordance with the terms of your plea agreement?" "Yes, ma'am," said Appellant.

## II. DISCUSSION

### A. Sentence Severity

#### 1. Law

This court reviews issues of sentence appropriateness de novo. *See United States v. McAlhaney*, 83 M.J. 164, 166 (C.A.A.F. 2023) (citing *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006)).

"Congress has dictated that the service [Courts of Criminal Appeals] 'may affirm only . . . the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record should be approved.'" *United States v. Arroyo*, __ M.J. __, No. 24-0212,

---

[3] While in pretrial confinement, additional misconduct came to light which led to the two additional charges of two specifications each: Specifications 1 and 2 of Additional Charge I for violating a general regulation by possessing THC-8 and delta-10-tetrahydrocannabinol (THC-10), in violation of Article 92, UCMJ; and, Specifications 1 and 2 of Additional Charge II for possessing THC-9 and Hexahydrocannabinoid (HHC), controlled substances, in violation of Article 112a, UCMJ. These additional charges and specifications were withdrawn and dismissed pursuant to the plea agreement.

2025 CAAF LEXIS 688, at \*8 (C.A.A.F. 19 Aug. 2025) (citing Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1)).

"We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citation omitted).

"An accused's own sentence proposal is a reasonable indication of the sentence's probable fairness to the accused." *Arroyo*, 2025 CAAF LEXIS 688, at \*2. "Accordingly, [we] may—to ascertain the fairness and thus the appropriateness of an adjudged sentence—consider the context in which the parties reached the plea agreement, including the benefits from that agreement to the accused." *Id.*

Recognizing the benefits an appellant received as part of a plea agreement is "entirely proper as part of [this court's] de novo determination of whether the punishment dictated by the plea agreement and imposed by the military judge was appropriate." *Id.* at \*12.

"Credit for pretrial confinement is applied to confinement adjudged." *United States v. Smith*, 54 M.J. 783, 787 (A.F. Ct. Crim. App. 2001). "Neither *Allen* nor [Rule for Courts-Martial (R.C.M.)] 305(k) creates a right to receive credit against any other portion of an adjudged sentence other than post-trial confinement." *Id.* at 788 (referring to *United States v Allen*, 17 M.J. 126 (C.M.A. 1984)).

Although the Courts of Criminal Appeals are empowered to "do justice" we are not authorized to grant mercy. *United States v. Guinn*, 81 M.J. 195, 203 (C.A.A.F. 2021) (citation omitted). In the end, "[t]he purpose of Article 66[ ], UCMJ, is to ensure 'that justice is done and that the accused gets the punishment he deserves.'" *United States v. Sanchez*, 50 M.J. 506, 512 (A.F. Ct. Crim. App. 1999) (quoting *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988)).

### 2. Analysis

Appellant asserts the sentence of a dismissal, which he requested in his plea agreement, is inappropriately severe for two reasons. First, Appellant asserts THC use, purportedly not a felony offense in civilian jurisdictions, demonstrates the offense is not severe enough to warrant a dismissal. Second, Appellant asserts he was "effectively punished" by the 161 days in pretrial confinement which renders the dismissal too severe. For both these reasons, Appellant now invites us to find the dismissal which he bargained for inappropriately severe. We decline the invitation. The sentence is appropriate.

Based on his guilty pleas alone, Appellant faced a potential punishment of up to a dismissal, confinement for seven years, forfeitures of all pay and allowances, and a fine. Appellant only received a dismissal as required by his plea agreement.

The nature of Appellant's drug use, purportedly not a felony offense in civilian jurisdictions, does not render his sentence inappropriately severe. We find the repeated use of THC-8 and THC-9 after his first positive urinalysis, despite corrective action taken by the 15th Air Force Deputy Commander, which then continued until he was placed in pretrial confinement, to be notable. Appellant faced seven years confinement—a significant amount of time—and "[r]egardless of the maximum punishment specified for an offense . . . , a dismissal may be adjudged for any offense of which a commissioned officer . . . has been found guilty." *See* R.C.M. 1003(b)(8)(A).

Appellant's claim that his pretrial confinement time, 161 days, renders his sentence, a dismissal, too severe, is similarly unpersuasive. Pretrial confinement is not punishment, not a part of the sentence, and is not credited against a dismissal. *See generally* R.C.M. 304(f) and R.C.M. 305(k). Although the Courts of Criminal Appeals are empowered to "do justice" we are not authorized to grant mercy. *See Guinn*, 81 M.J. at 203. Appellant received no adjudged confinement to which credit could be applied. *See Smith*, 54 M.J. at 787. "[N]either *Allen* nor R.C.M. 305(k) creates a right to receive credit against any other portion of an adjudged sentence other than post-trial confinement." *Id.* at 788. In considering the pretrial confinement as part of our review of the entire record and as potential mitigation rather than credit against a dismissal, we note Appellant's father testified, "I know he has received some help and assistance there." Further, trial defense counsel put the confinement report in evidence as Defense Exhibit B, and used it to argue that Appellant was a model confinee during sentencing. Thus, the record does not reflect negative aspects of Appellant's pretrial confinement that would incline this court to disturb the dismissal adjudged.

Appellant's brief military record does not provide any substantial mitigation for his conduct. Appellant had no officer performance reports and his single decoration was the Air and Space Training ribbon. His commander testified that Appellant's drug use prevented him from meaningfully contributing to the mission. Further, Appellant was only at Seymour Johnson AFB for four months and he began testing positive for THC-8 and THC-9 at varying levels upon arrival and continued testing positive each and every month; that is, seven THC-8 positives and seven THC-9 positives in four months.

Finally, in considering whether the sentence was appropriate, we considered the fact that Appellant bargained for this exact sentence in his plea agreement and benefited from a guarantee he would serve no additional confinement.

We have carefully considered Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial. *See Sauk*, 74 M.J. at 606. The dismissal is appropriate.

## B. Post-Trial Delay

### 1. Additional Background

The military judge sentenced Appellant on 26 March 2024 and entered the judgment on 22 April 2024. The record of trial was docketed with this court on 5 September 2024, 163 days after announcement of the sentence.

In response to Appellant's assignment of error for post-trial delay, Appellee moved to attach, unopposed, chronologies from the case paralegal and a paralegal at the legal office for the general court-martial convening authority (GCMCA) providing details as to the processing of the record of trial. We granted the motion to attach and consider it here. *See United States v. Jessie*, 79 M.J. 437, 445 (C.A.A.F. 2020).

### 2. Law

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). In *Moreno*, the United States Court of Appeals for the Armed Forces (CAAF) established a presumption of facially unreasonable delay "where the action of the convening authority is not taken within 120 days of the completion of trial, . . . where the record of trial is not docketed by the [Court of Criminal Appeals (CCA)] within thirty days of the convening authority's action," or "where appellate review is not completed and a decision is not rendered within eighteen months of docketing the case before the [CCA]." 63 M.J. at 142. In *Livak*, this court adapted the *Moreno* standard for cases referred to trial on or after 1 January 2019 and established an aggregated 150-day standard for facially unreasonable delay from sentencing to docketing with the CCA. 80 M.J. at 633.

Where there is a facially unreasonable delay, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice [to the appellant]." *Moreno,* 63 M.J. at 135 (citations omitted). The CAAF identified three types of cognizable prejudice for purposes of the right to timely post-trial review: (1) oppressive incarceration; (2) "particularized" anxiety and concern "that is distinguishable from

the normal anxiety experienced by prisoners awaiting an appellate decision;" and (3) impairment of the appellant's grounds for appeal or ability to present a defense at a rehearing. *Id.* at 138–40 (citations omitted). Where there is no qualifying prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

We review de novo an appellant's entitlement to relief for post-trial delay. *Livak*, 80 M.J. at 633 (citing *Moreno*, 63 M.J. at 135).

**3. Analysis**

The record of trial was docketed with this court 163 days after sentencing, exceeding the 150-day *Livak* standard for facially unreasonable delay by 13 days. Therefore, there is a facially unreasonable delay.

Accordingly, we have considered the *Barker* factors and, under the circumstances of this case, we find no violation of Appellant's due process rights.

First, we consider the length of the delay, 13 days, which is some delay and weighs in favor of Appellant.

Second, we consider the reasons for the delay. It took 23 days for the legal office of the special court-martial convening authority (SPCMCA) to obtain Appellant's receipt for the record of trial (ROT). Once the legal office received the receipt, they assembled the record of trial and sent it to the GCMCA legal office for review the next day. The GCMCA legal office was "undermanned" and in the process of turnover of personnel when the record arrived at its office. As a result, a newly-arrived paralegal in his second week at work, began his review of the record 30 days after receipt of the ROT. The GCMCA legal office then requested missing documents and the SPCMCA legal office provided the missing documents in six days. Even with these coordination delays, the GCMCA legal office was able to mail the record of trial to the Air Force Appellate Records Branch (JAJM) on 2 August 2024, which was day 129. The record does not reflect what caused the additional delay once the record reached JAJM. These reasons for delay weigh slightly in favor of Appellant.

Third, we consider whether Appellant demanded speedy appellate review before this court. Here, Appellant did not. Further, notably, Appellate requested seven enlargements of time, which were granted, in order to file his brief. This factor does not favor Appellant.

Fourth, Appellant has not alleged cognizable prejudice from the delay. We do not perceive any particularized anxiety or concern Appellant experienced from the delay. Appellant did not suffer from oppressive incarceration. In fact,

the court adjudged no confinement in this case and the only punishment adjudged, a dismissal, is not executed until the completion of appellate review. *See* R.C.M. 1102(4)(A). This factor does not favor Appellant. Accordingly, we do not find Appellant has suffered any prejudice for purposes of *Livak*.

Absent prejudice, we find the post-trial delay involved in Appellant's case has not been so egregious as to adversely affect the perception of the military justice system. *See Toohey*, 63 M.J. at 362. Furthermore, recognizing our authority under Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2), we considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See United States v. Valentin-Andino*, 85 M.J. 361, 366 n.4 (C.A.A.F. 2025). We conclude such relief is not warranted.

### III. CONCLUSION

The findings are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)). In addition, the sentence is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court